Judge Ewing
delivered the Opinion of the Court.
Mary Lennox brought suit against Donallen for a breach of marriage promise; in which she declared in two counts — one on the consideration of mutual promises; the other on the like consideration, together with the consideration of an agreement on her part, to compromise a suit in chancery, which she had brought, as the executrix of her deceased husband, against Donallen, which was agreed to, and the suit disposed of accordingly, whereby the estate had lost a large sum of money, to wit: about four thousand dollars.
On the calling of the cause for trial, on Thursday of the last week of a long term of the Court, the counsel for Donallen, objected to a trial, as well as filing pleas, on the following ground. He made affidavit that, some three weeks before, Donallen had applied to him to know if his cause could be tried at that term, and he informed him that, from the crowded state of the docket, he did not think it possible that it could be reached; and that another attorney of the Court had given him the same opinion at the same time, and that, under that belief, Donallen had left the Commonwealth, on business, without making any arrangement or preparation for his defence, other than speaking to an attorney to appear for him, and had not returned. He also showed to the court, that this cause had been reached by an irregular call of the docket,‘.whereby many contested causes had been passed over, and not tried, continued, Or disposed of, in which the parties were demanding trials, and which, if tried, would have consumed the whole term.
His objection was overruled by the Court, and he was compelled to plead, and forced into a trial in the absence of his client. And this presents the first ques *90 tion, and the_ one deemed most material to be- decided by this Court.
Decisions ofinfel'ior courts made in tiie exercise of their discretion in matters of practice, are not overruled upon blight grounds ; but when they violate)aw,orthe essential rights of parties, they may be reversed.
The law directs how causes are to be docketed, and the time for pleading. They should be called in regular succession — not taken up out of turn; and no party should be required'to go to trial, or to plead, unÚil' his cause is ’reachedin the reguiar progress of 'business ;the older causes being "tried,--or continued, or deferred 'to the end of the docket.
When,'in consequence of an extraordinary number of continuan‘ees, a surprising progress is made in a docket, ‘the court should grant reasonable indulgences to litigants caught unprepared.
A duf t moving for a new trial, •upon the ground that, in consequence of causes being merely pas sed over, he was seaught unprepared, and ruled into trial unreasonably, need not show that he. had made any preparation, or that a different result would probably ocur on another trial.
*90 Though this Court should not, upon slight grounds, interfere to control the discretion in matters of mere practice, to be exercised by the inferior courts, in the control of suitors, the preparation of causes for trial, the order of trial, that discretion should not be exercised in violation of law, or in such manner as to endanger materially the rights of litigants, or to defeat the ends of justice.
The law has prescribed the manner in which causes are to be docketed, and the time when pleas are to be, filed.
They are are to be tried in the -order in which they stand on the docket. Litigants are instructed to prepare for trial with a view to this order; and, though sooner prepared, they cannot force their adversary to trial, out of it. If a cause may be taken up on an irregular call of the docket, without making any disposition of the causes that stand before it, the most vigilant litigant may be taken by surprise, and compelled to continue, or forced into trial unprepared.
It would seem glaringly irregular and illegal to take a cause up and try it, on a day before it is placed on the docket for trial. It would expose a litigant to equal injustice and surprise, to take up his cause near the end of a large docket, out of its order, without making any disposition of the causes that stand before it. The cases should be tried, or otherwise disposed of, as well on or after the day they are docketed, and-not before, as in the order in which they stand on the docket.
We do not mean that they shall be tried in order, but that they shall be continued, or laid to the end of the docket, or other definitive disposition made of them, before a subsequent cause can be regularly taken up and tried. And even when many cases standing before have been unexpectedly continued, or laid over, the Court ought, in the exercise of a sound discretion, to give time, or grant other indulgence, so as best to promote the ends of justice, without unnecessary procrastination or delay.
If any part of the-consideration of a contract is illegal, or against sound morals, or public policy, the whole is void: Buf'the caso an executrix who, upon receiving a promise of marriage, compromises a suit which aho had! instituted in her fiduciary character, is not within the principle.
These rules have been violated in the trial of the cause before us. • ,
And it will not do to say that Donallen had not summoned his witnesses, or made any preparation for his defence, or has not shown that by reason of the absence of his- testimony, or other cause,-a different result would be produced on another trial. lie was advised by his counsel,, that it was not possible from the state of the doeket, that his cause could be reached, and the result shows, that it could not have been reached by a-regular eall of the docket. It would have been an useless trouble and expense, as well as an unnecessary waste of time* .for him to have summoned witnesses and prepared his defence, and attend the Court in person during the term, Had he 'done so, he could not legally have forced his adversary to trial. . Though the law requires deligence on the part of the suitors, it does not require them uselessly to dance attendance upon the courts, to the neglect of all other duties, when their causes cannot be regularly tried.
Donallen’s absence was justifiable, as is proven by the' result, and his absence accounts for the omission to present his grounds of defence.
He was deprived of a legal right by trying his cause out of its turn; the right to be present, to aid his counsel in making up the issue, and in the defence of his cause, as well as in a motion for an arrest or new trial!
To- these ends is process required to be served. And it. may as well be contended that he has not a right to arrest the judgment, or obtain a new trial, where no process has been executed upon him, without making out grounds to show that ‘ a different result would be produced on a second trial, as that he must make out such grounds in the present case.
In relation to the other points involved in this record: it is unquestionably true, that if a part of the consideration of a contract be illegal, or against sound morals or public policy, the whole contract is void, and no part of it can be enforced. 3 Bibb, 500. Ex turpi contractu, *92 oritur non actio. 'Chitty on Contracts, 215-18. But we cannot apply these principles to the case of an executrix, who, as a part consideration of a promise of marriage, agrees to compromise a suit which she has instituted in her fiduciary character. She represents the person and personal estate of her testator, and may sell his goods, or release his demands. If she máy release them, she may also compromise them away, and may judge of the consideration which she is to receive in return, she and her sureties being responsible to legatees and creditors for their indemnity. We cannot say that her agreement to compromise, upon the terms alleged, was vicious or against good morals, or any well defined public policy, such as should render the contract invalid.
But we think it improper to have permitted more of the record of the chancery suit to be read to the jury, than was necessary to show that such a suit was depending, and was compromised and disposed of, and the terms of compromise, so as to apprise the jury of the existence of these facts, and enable them to understand and apply the parol proof in making out this branch of the consideration averred, for the promise. Though as the force and effect of the record seem to be well guarded by the instructions of the Circuit Court, we would not have deemed it proper to reverse the judgment on this point alone.
It is, therefore, the opinion of this Court, that the judgment of the Circuit Court be reversed, and cause remanded, that a new trial may be granted. And the plaintiff in error is entitled to his costs in this Court.