Nicholson, C. J.,
delivered the opinion of the Court.
On the 29th of July, 1867, William Dowd commenced his suit for damages against the Memphis & Ohio R. R. Co. for carelessly and negligently running *180 one of its trains over him and breaking his leg. In. the absence of the President of the company, the-writ was executed on the Secretary and Treasurer, and was returnable to the third Monday of September,. 1867, of the Shelby County Circuit Court. The declaration was placed in the office of the Clerk of the. court within the three first days of the term, but was not marked as “filed” by the Clerk. The September term of the court adjourned on the 12th of October, 1867, but before adjourning, the Judge appointed a special term, to be held on the fourth Monday of October, 1867, or the Tuesday thereafter, to continue for two weeks. The court met on the 29th of October, and after sitting two days without transacting any business, adjourned to meet on the first-Monday of December, at which time the special term, was ordered to commence. The court met on the second day of December, 1867, and adjourned on the-fourth day of that month. On the 10th of December, 1867, the plaintiff was allowed to amend his writ and declaration, and the Sheriff was allowed to-amend his return. It appears that up to the 10th, of December, 1867, the defendant had no attorney in the cause, so far as the docket shows. The regular attorneys of the defendant, Messrs. Hill & Smith, had died, the one on the 18th and the other on the 25th. of October, 1867; but it does not appear that they had taken any notice of the present case. After the-deaths of Messrs. Hill & Smith, the defendant employed Messrs. Stephens & Smith to attend to their business; but it does not appear when this employ *181 'ment took place; whether before or after the 10th of December, 1867. On that day the plaintiff took judgment by default against the defendant, the name of no attorney appearing on the docket for defendant. The Clerk failed to make an entry on his minutes of this judgment by default, though the Judge noted it on his docket. Upon taking judgment by default, the plaintiff failed to have a jury empannelled to assess his. damages, but the case went over to the trial docket of the next term, which commenced in January, 1868. On the 5th of March, during the January term, the plaintiff moved the court to have the judgment by default, taken at the December term, entered, mmo pro tuno, which was done against the protestation of Mr. Stephens, of the firm of Stephens Smith, who stated to the court that his firm had lately been employed to represent the defendant in such suits as Hill & Smith had been employed in— that his firm had never heard of this suit, and he did not know whether this was one of Smith & Hill's suits, but asked the court to give him time to send for the President of the company, who was in Memphis, that be might have an opportunity of showing cause why the judgment by default should not be entered, and why the court should not proceed to award the writ of inquiry. It further appears that this cause was No. 417 on the trial docket of the January term, 1868, and that there were two hundred and fifty cases on the docket before it, being older cases and standing for trial, and that Mr. Stephens objected to this cause being tried out of its order, and that *182 he insisted it should not be tried until the case was regularly reached. The objection was overruled by the court, and the application for time to send for the President was refused, and the jury empanneled to assess the damages. The defendant was not represented by counsel on the trial of the question of damages, and the jury rendered a verdict of $15,000. The defendant moved the court that the judgment by default, nune pro tuno, entered on the 5th of, March, 1868, be set aside, and the defendant be allowed to-plead, both of which motions was overruled.
In support of these motions the defendant read the affidavit of the President of the company, who stated that he had no personal knowledge of the pending of the suit until after the verdict was rendered; that Messrs. Hill & Smith were the regular attornies of the company, that they both died suddenly in October, 1867, that there was a great panic and excitement in Memphis during September and October on account of the prevalence of cholera and yellow fever,, and that it was difficult to get business attended to. He stated that after the deaths of Messrs. Smith & Hill, he employed Messrs. Stephens & Smith to closeup their unfinished' business of the company; that if he had known of the pending of the suit, and that it needed attention, he would have given it. He stated that he had no personal knowledge of the accident by which plaintiff was injured, but he was in-, formed and believes that it did not occur from any negligence or want of care on the part of the company or their agents, but that it occurred from the *183 carelessness of plaintiff, who was an employe of the-company, all of which facts he will be able to prove-on another trial. The court overruled the motions to set aside the judgment by default, and rendered judgment on the verdict for $15,000, from which, plaintiff in error has appealed. We find no error in. the record for which the judgment by default, taken-on the 10th of December, 1867, should be set aside.. The panic' and excitement which prevailed in Memphis during the months of September and October,. 1867, the necessary disturbance of business arising-from this state of things, and the fact that both of' the regular attornies of the plaintiff in error had' died, are sufficient to rebut any inference of laches-on the part of Messrs Hill & Smith down to the-time they died. But the plaintiff in error fails to-show that he took any steps for his defense after-the deaths of Messrs. Smith & Hill, and before the 10th of December, 1867, when the judgment by default was taken. At that time the name of no counsel had been marked on the docket. It is true that-the President of the company states that he had no-personal knowledge of the pending of the suit until after the verdict was rendered on the 5th of March, 1868. But the service of the writ on the Secretary and Treasurer, in the absence of the President, fixed notice on the company of the pendency of the suit, and the negligence of the Secretary in giving the information to the President can not relieve him of the consequences of his failure to prepare for his de *184 fense. In contemplation of law, the plaintiff in error was guilty of laches in failing to prepare for the defense of the case from the 25th of October, 1867, when his regular attorney died, until the 10th of December, 1867, when the judgment by default was taken. During this period there is no evidence that the panic from cholera and yellow fever ' continued, or that there was any such interruption or disturbance of business as to prevent the plaintiff in error from preparing for the defense of the case. We are, therefore, of the opinion that there was no error in the refusal of the Judge to set aside the judgment by default, nor was it error in the court to have the judgment by default, taken on the 10th of December, 1867, entered, nunc, pro tunc, on the 5th of March, 1868. The Judge’s docket furnished the evidence that such a judgment had been then taken, and it was right that the omission should be supplied; but it does not follow that the defendant in error had the right, upon entering the judgment, nunc pro tunc, to have a jury immediately empanneled to assess his damages. He had the right, on the 10th of December, 1867, when he took judgment by default, to proceed at once to have his damages assessed by a jury. But he failed to do this, and permitted the case .to :go over to the next term. The legal effect of the judgment by default was simply to establish the right of the defendant in error to maintain his action, and consequently to recover some damages. But the plaintiff in error was no further compromitted by the judgment by default than to preclude him from denying *185 the right of the defendant in error to nominal damages. Subject to this qualification, he had the right to show that the defendant in error had no legal claim to damages, and if successful in this, the defendant in error would have been entitled to nothing but nominal damages. It follows that when the case went over from the 10th of December, 1867, to the January term, 1868, of the court, it went over as a case for trial as to the question of damages. It was, therefore, a cause for trial at the January term, and took its proper place on the trial docket. Fanning v. Fly, 2 Col, 486. The entry of the judgment by defendant, nuno pro tunc, had no other effect than to supply the omission and make the record perfect. It had no effect upon the cause which, under the judgment by default, had already become a trial cause for the January term, and subject to the .law which regulates the trial of causes in the Circuit Court. By Sec. 2947 it is provided that causes should be tried and disposed of in their regular order. "While this provision is not imperative, but leaves the Judge to exercise a proper discretion, yet it is so far obligatory that an arbitrary departure from it is error. Fanning v. Fly, 2 Col., 492; 3 Grah., and Wat. on New Trials, 904; Dowaller v. Lennox, 6 Dana 89. In the last named case the court said, with much force: “Though this court should not, upon slight grounds, interpose to control the discretion, in mere matters of practice, to be exercised by the inferior courts in the control of suitors, the preparation of causes for trial, the order of trial, that discretion *186 should not be exercised in violation of law, or in such manner as to endanger the rights of litigants, or-to defeat the ends of justice. If a cause may be taken up on an irregular call of the docket without, making any disposition of the causes that stand before it, the most vigilant litigant may be taken by surprise and compelled to continue, or proceed into trial-unprepared. It would seem glaringly irregular and illegal to take up a cause and try it before it is placed on the docket for trial. It would expose a litigant to equal injustice and surprise to take up his cause near the end of a large docket, out of its order, without making any disposition of the causes that stand before it.”
It appears from the bill of exceptions in the present case that at the January term, 1868, its number-on the trial docket was 419, and that there were 250 causes in advance of it, of older date, and having the preference for trial. No reason is found in the record for taking this ease up for trial except the fact that at the preceding term a judgment by default had been taken, which, at that time entitled the party to a jury to assess his damages. But, as we have already seen, this right was waived, and the cause was permitted to go over for trial on the question of damages, to the next; term. The party thus waived his right to an immediate trial, and could not at the next term assert it, without special reasons; standing as the cause did on the docket, it was not to be expected by the plaintiff in error that it would be taken up out of its order, and in advance of 250 *187 other cases having the . preference of trial. We are, therefore, of the opinion that the Judge failed to exercise his discretion justly and properly in overruling-the objection of the the counsel of plaintiff in error-to taking up the ease out of its order, and in proceeding to empannel a jury against his protestations.. For . this error judgment will be reversed and -set-aside, and another trial awarded on the question of' damages.