### Ray v. Thomas, et al.

(Decided November 11, 1910.)

## Appeal from Graves Circuit Court.

Fraudulent Conveyance—Secret Trust—Subsequent Effort to Reclaim Property Conveyed.—The rule is well settled in Kentucky that if one in order to defraud his creditors conveys or has conveyed property to another in secret trust for his own use, he cannot afterwards reclaim the property if the vendee chooses to hold it.

WEBB & WEAKS for appellant.

W. B. STANFIELD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Reversing.

Many years ago, J. H. Thomas took three orphan children to raise, he being their uncle by marriage. Their names are as follows: D. T. Crockett, William Crockett and their sister, A. C. Crockett, now A. C. Ray. On October 18th, 1880, D. T. Crockett bought from W. B. Pryor and wife fifty-nine and one-third acres of land, upon which he and his brother opened a farm and built houses, and their adopted father, J. H. Thomas, and his wife moved upon this land, and with their adopted children lived together as one family. Afterwards, D. T. Crockett married and moved to a farm belonging to his wife, after which time the wife of J. H. Thomas died and the appellant, his adopted daughter, remained with him upon the farm and kept house for him. Upon the 3rd day of March, 1886, D. T. Crockett and wife conveyed the farm to appellant for the recited consideration of four hundred dollars in money, and that J. H. Thomas was to have a home on the farm as long as he lived. After this deed was made, J. H. Thomas married the appellee, Laura Thomas, who came to live with him on the farm; whereupon the appellant, A. C. Ray, and her husband, H. J. Ray, moved away and set up housekeeping for themselves, leaving J. H. Thomas and his wife in possession of the farm, where they lived until Thomas died in 1909.

After the death of J. H. Thomas, this suit was instituted against his widow, Laura Thomas, by appellant, A. C. Ray, who alleged in her petition that she was the owner and entitled to immediate possession of the property under the deed from her brother, D. T. Crockett. The appellee, Laura Thomas, filed an answer, denying all of the material allegations of the petition and then alleging that the land belonged to her husband, J. H. Thomas, at the time of his death; that he acquired title to the land by adverse possession. A reply having placed in issue the title of J. H. Thomas by adverse possession, the issues were completed. A trial before a jury resulted in a verdict in favor of the appellee, Laura Thomas. From the judgment based upon this verdict, A. C. Ray is here on appeal.

We are of opinion that the trial court should have sustained the plaintiff's motion, at the close of the testimony, for a peremptory instruction to the jury to find for her. There was no evidence adduced which tended to show that J. H. Thomas ever held the property adversely to either D. T. Crockett or his vendee, Mrs. Ray. Thomas went upon the farm with D. T. Crockett, who had pur-

chased it from W. B. Pryor and wife, as the deed from
Pryor and wife to him clearly shows. In 1886 D. T.
Crockett, with the knowledge, consent and approval of
Thomas, conveyed the land to his sister, Mrs. Ray, pro-
viding a home for the stepfather on the property for his
life. The parties themselves construed, and in this way
we think they were correct, that J. H. Thomas took a
life estate in the property under the deed from D. T.
Crockett to A. C. Ray. It in no wise militates against the
claim of Mrs. Ray that it was shown on the trial that J. H.
Thomas continued to live upon the property during his
natural lifetime and to exercise every act of ownership
which could be exercised with reference to it. This was
exactly what he had a right to do, and which he should
have done; but, instead of holding adversely to Mrs. Ray,
his holding was amicable, and his possession was her pos-
session. In the case of Davis and Others v. Willson, 115
Ky. 639, we said:

"That the life tenant does not hold adversely to the
remainderman is so elementary as hardly to need citation
of authority."

There was no evidence adduced which tended to show
that J. H. Thomas had any idea of holding adversely to
his adopted children. On the contrary, at least one wit-
ness for appellee testified that he said he had a life es-
tate only in the property.

The evidence conclusively shows that D. T. Crockett
purchased the property from Pryor and wife with his
own money, and there is nothing to support the sugges-
tion in the brief for appellee, that Thomas really pur-
chased the property and placed the title in his adopted
son's name to prevent his creditors from subjecting it
to their claims. But this, if it had been true, would not
have availed him. as the rule is well settled in Kentucky
that, if one, in order to defraud his creditors, conveys or
has conveyed property to another in secret trust for his
own use. he can not afterwards reclaim the property if
the vendee chooses to hold it. Section 2353 of the Ken-
tucky Statutes provides that "when a deed shall be made
to one person, and the consideration shall be paid by an-
other, no use or trust shall result in favor of the latter."
* * * But, as said before, the evidence clearly showed
that D. T. Crockett purchased the property in good faith,
and it was conveyed to him by deed in 1880. In 1886,
Crockett and wife conveyed the property to Thomas for
life, with remainder to the appellant. This being true,

it follows that, upon the death of Thomas, his life estate was at an end, and his widow, the appellee, had no right or title to it.

For these reasons the judgment is reversed for a new trial consistent with this opinion.