## Jayne, et al. v. Jayne.

(Decided May 30, 1912.)

### Appeal from Johnson Circuit Court.

Fraudulent Conveyances.—Property will not be restored to a grantor who himself conveyed it or had another to convey it for the fraudulent purpose of defeating his creditors. The court will keep its hands off—not lending any aid or assistance to either of them—leaving the parties in the position they placed themselves.

VAUGHAN & HOWES for appellants.

J. F. BAILEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This is a suit brought by appellee, Daniel Jayne, against the heirs of his brother, Henry Jayne, seeking to have quieted his title to a tract of land in Johnson County.

It is charged in the petition that appellee in 1873

purchased the land in controversy from Willis Rigsby and that the deed was made to his brother, Henry Jayne. That the conveyance so made was accepted by Henry Jayne as a deed of trust, to be held for the sole and exclusive use of appellee. That since the purchase of the land, he has continuously lived on same, claiming and using it as his own and exercising complete ownership over the land. He prayed that he be adjudged the owner of the land, that the deed be set aside and held for naught, that a new deed be executed by the Master Commissioner of the court to him, and for fifty dollars damages because a hostile claim of appellants prevented a sale of the timber on the land.

The answer denied the averments of the petition. In an amended answer the appellants set up that if the land was purchased by appellee, and the title taken in the name of Henry Jayne, it was done for the purpose of cheating and defrauding the creditors of appellee, and, therefore, appellee was estopped from claiming the land.

By agreement of the parties, the averments of the amended answer were controverted of record.

The lower court adjudged appellants to be the owners of the land, but gave appellee a lien on the land for the amount paid by him to Henry Jayne on the purchase price. This appeal is prosecuted by appellants from so much of the judgment as allowed the appellee a lien on the land for $483.82.

It appears from the evidence that in 1873 Daniel Jayne purchased from one Rigsby the land in controversy for the sum of $475, and that Daniel Jayne had Rigsby convey the land to Henry Jayne for the purpose of defeating his creditors in the collection of their debts. It is also shown that Henry Jayne paid the purchase price to Rigsby for the land, but that it was verbally understood between Henry and Daniel that when Daniel had repaid the money to Henry and was in a suitable financial position to own property in his own name, that Henry would re-convey the land to him. Prior to the death of Henry Jayne, which occurred in 1898, Daniel Jayne had repaid to him the full amount of the purchase price of the land. It further appears that when the land was purchased, Daniel took possession of it, and has continuously since that time resided on it, claiming to be the owner of it, and that his possession has never been disturbed by any person.

It is now the contention of Daniel Jayne that under

the facts we have stated the deed from Rigsby to Henry Jayne should be canceled, and a new deed made to him by the heirs of Henry Jayne, or, if they decline, by the Master Commissioner of the court. On the other hand, the heirs of Daniel Jayne insist that as the deed was made to Henry Jayne at the solicitation of Daniel and for the purpose of enabling Daniel to practice a fraud upon his creditors by concealing from them his ownership of the land, that the court will not lend him any assistance to relieve him from the situation in which he placed himself for the purpose of defrauding his creditors.

It has been settled in numerous cases decided by this court that property will not be restored to a grantor who himself conveyed it or had another convey it for the fraudulent purpose of defeating his creditors. Lankford v. Lankford, 177 S. W., 962; Carson v. Beliles, 121 Ky., 294; Wickliffe v. Lyon, 5 J J. Mar., 84.

In cases like this, the court will keep its hands off— not lending any assistance to either of the parties to the illegal arrangement. It will leave each of them in the position he placed himself.

Under this rule, Daniel Jayne was not entitled to the relief sought, nor will appellants have the aid of the court if they should undertake to oust him of the possession he has had for so many years.

Wherefore, the judgment is reversed with directions to set aside the judgment entered and dismiss the petition.