## Transylvania Casualty Insurance Company v. Paritz.

(Decided June 20, 1919.)

### Appeal from Fayette Circuit Court.

1. Insurance—Pleading—Defenses.—Affirmative defenses must be specially pleaded and where defendant fails to plead that insured had taken out other insurance, contrary to the provisions of the policy, it can not complain of the refusal to admit evidence on this point.

2. Insurance—Additional Insurance—Pleading.—In the absence of a pleading alleging the nature and character of a lodge the court will be unable to decide whether membership in said lodge violates the provisions of the policy as to taking out other insurance.

3. Insurance—Application for Policy.—The words "other insurance" in an application for a policy held not to be embraced within the

term "other insurance" according to the interpretation placed upon
certain clauses of the policy by the company.

4. Insurance—Application for Policy—Other Insurance.—A provision
in an application for a policy that insured had not been injured
within five years of the date of the policy was not violated
where the undisputed evidence shows that insured had been in-
jured but not within said five year period.

W. C. G. HOBBS and J. P. HASWELL for appellant.

J. G. FARMER for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

April 21, 1915, appellant issued its policy to appellee
indemnifying him for loss of life, limb, sight or time
by accidental means, indemnity to be at the rate of
$120.00 per month. During the life of said policy, to-wit,
on January 20, 1917, appellee fell from a ladder and
suffered injuries that confined him to his house for a
period of 4½ months. Proper notices were sent to the
company and demand for indemnity having been refused
this suit was filed seeking a recovery of the amount due
covering the period of disability, to-wit, $540.00

Having denied the allegations of the petition ap-
pellant, in an amended answer, alleged that in the appli-
cation for insurance the appellee was asked this ques-
tion: "Have you sustained or suffered an accident or
injury within five years prior to this date?" to which
the appellee answered he had not. And it is alleged that
said answer was false and untrue, and had appellee
truthfully answered said question the company would
not have issued its policy, it being further alleged that
within a period of five years, prior to the issual of the
policy, appellee had received an injury similar in char-
acter to that complained of in the petition and had re-
ceived benefits therefor, and these facts were concealed
from the appellant, and that said misrepresentation
voided the policy.

The case was submitted to a jury and a verdict re-
turned in favor of appellee, hence this appeal.

Error in the giving of instructions, in the admission
of incompetent evidence and the rejection of competent
evidence are relied upon for reversal.

Sec. 8 of the application for the policy is as follows:

"If, during the life of this policy, I take other insurance, I agree to at once report same to this company."

Sec. 9 reads: "I am not insured in any other company, association or society paying accident or sick benefit, except as herein stated." No exceptions were noted to this section. It was brought out in the evidence that appellee was a member of the Independent Order of Odd Fellows and had received from the local lodge benefits to the amount of $40.00, because of the accident sued on in this case.

Inasmuch as insured failed to notify the insurer of his membership in the above lodge it is claimed he thus violated the contract embodied in the application, but this defense was not relied upon in the pleadings, although in February, 1917, and before the petition was filed, in notifying the company of the accident, insured stated in answer to question 23, that he had received $5.00 a week from the Independent Order of Odd Fellows on account of this injury, and after this fact was developed by the proof no amendment covering this defense was tendered. There is no evidence showing when he became a member of the lodge, and for aught that appears he joined it subsequent to the date of the policy. Affirmative defenses must be specially pleaded, and since appellant, in its answer, did not plead that insured had taken out other insurance it cannot raise the point now.

This raises another question, namely, whether the word "insurance" as used in paragraph 8 of the application embraces membership in the Odd Fellows.

Sec. 641 of the Ky. Stats. provides that the words "insurance company," as used in the article on insurance, ". . . shall not apply to secret or fraternal societies, lodges, or councils, which are under the supervision of a grand or supreme body, and secure members through the lodge system exclusively, and pay no commission nor employ any agents, except in the organization of and supervision of the work of local subordinate lodges or councils. . . ." The authorities are not agreed as to what organizations are embraced within the term "insurance." See note to Wright v. Fraternities Assn., 32 L. R. A. (N. S.) 461, and earlier note on the same subject in 38 L. R. A. 33. But the absence of a pleading setting forth the nature of the organization of Odd Fellows renders impossible a decision in this case whether it should be so classed.

Attention is also called to the fact that in clause 8 of the application use is made of the words "other insurance," while in sec. 9 reference is made to "a company, association or society paying accident or sick benefits," and in the printed form of notice of accident, question 23, is this language:

"Have you any other sick or accident benefit in any other company or lodge?" which would indicate that according to the interpretation placed upon the language by the company the words "other insurance," in clause 8 of the application were not intended to include a lodge such as the Odd Fellows.

On the question of a previous injury the only persons testifying to this were the appellee and his two daughters, and from their testimony we find that more than five years prior to the date of the policy, insured injured his back by falling on some steps. The parties were able to fix almost the precise date of this injury, because of the age of the insured's youngest child, who was two weeks old at the time of the accident, and about 8 years old at the time the evidence was given, hence it is quite clear that insured did not make a false statement or misrepresent any fact when he gave a negative answer to question 12 as to other accidents; besides, appellant introduced no testimony contradicting the statements of appellee and his witnesses.

The tendered instructions were predicated upon membership in the lodge and the previous injury as being violative of the contract, but as we have seen the evidence was not sufficient to support the instruction upon either theory, and the court did not err in refusing the tendered instructions.

It is claimed the court erred in the admission and rejection of testimony, but a careful consideration of the instances complained of discloses the fact that while objections were sustained, the effect of the testimony was given in previous or succeeding answers, and we fail to find wherein appellant has been prejudiced by any ruling of the court, either in the rejection of evidence offered by the appellant, or in the admission of evidence in behalf of appellee.

The judgment is affirmed.