## Thompson v. Thompson, et al.

(Decided September 14, 1920.)

### Appeal from Allen Circuit Court.

Appeal and Error—Want of Actual Controversy—Moot Questions. —Where persons are the heirs of a father and mother, and the interest of each in a parcel of real estate is the same, whether the land was the estate of the father or the mother, in a contest between these persons the issue as to the estate of which it was a portion, is a moot question, susceptible of debate, but, however, decided, has the same result upon the interests of the parties, and which the courts will not trouble to decide.

BRADBURN & HARLIN for appellant.

GILLIAM & GILLIAM for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This record shows, that previous to the year, 1891, W. W. Thompson, owned a lot, in Scottsville, which adjoined the lot upon which his dwelling stood, and where he resided with his family, which consisted of his wife, Emma Thompson, and his infant children. George Hewitt, a brother of the wife, also, resided with the family. Previous to that time, Thompson had been a member of a partnership, which had been dissolved, leaving certain debts, which in the dissolution settlement, his partner had assumed, but which had never been paid and the partner had become insolvent. Thompson fearing that he would be required to pay the partnership debts, and that the lot would be subjected to their payment by the partnership creditors, if it remained his property, or at least, if the title appeared to be in him, and to save it from subjection to their demands, he pretendedly sold it to his brother-in-law Hewitt, for the pretended consideration of $65.00, no part of which was, however, ever paid, or intended to be paid, but, he conveyed the land to Hewitt by a deed, which was duly recorded, and which bore the date of June 25, 1891, and which under the circumstances without doubt had the effect of vesting the title to the lot, in Hewitt. Jones v. Jenkins, 83 Ky. 391; Marksbury v. Taylor, 10 Bush 519; Bibb v. Bibb, 17 B. M. 292; Anderson v. Meredith, 82 Ky. 564. From the hardship of such a transaction, a court of equity, will not relieve

a party by cancelling the deed or requiring the vendee to reconvey to the vendor, because the situation of a party, who conveys his lands for a fraudulent purpose, and where he is in *pari delicto* with the vendee, is one, in which he places himself by his own turpitude. Carson v. Beliles, 124 Ky. 294; Lankford v. Lankford, 117 S. W. 963; Southwood v. Southwood, 30 R. 308. The heirs of such a party are in no more favorable attitude, than their ancestor. After the conveyance of the title to the land by Thompson to Hewitt, the former maintained control and enjoyed the use of the lot, and made certain improvements upon it. In 1896, Hewitt thought that he was going to become married and it was thought to be prudent, that he should dispose of the lot before his intended wife should acquire a potential right of dower in it, and the partnership debts, which Thompson owed, not yet having been liquidated, Hewitt, by a deed, which recited a consideration of $150.00, pretendedly sold and conveyed the lot to Emma Thompson, the wife of W. W. Thompson. Hewitt deposes, that this consideration was never paid, nor intended to be paid, and that the conveyance was made for the purpose of preventing the partnership creditor from collecting his debt, and that Emma Thompson promised to convey the lot to her husband, W. W. Thompson, when the liability of its subjection to the debt should have ceased. Soon after the conveyance to Emma Thompson which occurred on March 16, 1896, had been made, the debts were satisfied, in some way, not explained. The last mentioned deed was delivered to the county clerk for the vendee on the day of its execution, and the lot was listed for taxation as the property of Emma Thompson, after the conveyance to her until her death, which occurred in the year 1907, and the deed to her was recorded in the year 1906, long after the fear of the debts, which induced its execution, had passed away. After the death of Emma Thompson, the husband, W. W. Thompson, controlled and used the lot until his death, in the year 1918. W. W. Thompson and Emma Thompson were survived by their four children, who are the appellant and appellees.

This action was instituted by three of the four children and heirs at law, of W. W. Thompson and Emma Thompson against the fourth child and heir, and a sale of the lot sought and a distribution of the proceeds in an equal sum to each of the four. The plaintiffs who are the appellees, here, claim that the lot was the prop-

erty of their mother, Emma Thompson, and was inherited by them and the appellant from their mother, while the appellant, and defendant below contends that the lot was the property of their father, W. W. Thompson, at his death, and should be disposed of as a portion of his estate. By the judgment appealed from the circuit court determined that the appellant and appellees were joint owners of the lot, and that each was the owner of an undivided one-fourth part thereof, and that the lot was not susceptible of a division without material injury to the respective interests, and adjudged a sale of it and a distribution of the proceeds. From the judgment the defendant, below, has appealed. There is no dispute, as to the facts of the case, as presented by the record, although there might arise a divergence of opinion as to inferences deducible from the facts. The issue made below and the only one presented here for decision, is whether the lot was the estate of the mother or of the father. Much argument is indulged in by counsel touching this issue, which we do not deem necessary to decide, as the question is a moot one, which is susceptible of debate, but the result to parties the same, whether decided one way or the other. The interests of each of the parties in the land is the same, whether it was the estate of the father or the mother, and in either event it is an undivided one-fourth, as adjudged by the court. There are no creditors of either father or mother, nor any one claiming ownership by purchase from father or mother, to make the issue a real one. It is true, that it is alleged by the appellant and not disputed, that the father died testate, and appellant is the executor of the will, but, it is not alleged nor in any way shown, that the existence of the will, in any way affects the rights or interests of the parties, in the lot. The will is not in the record, nor are the terms of the will set out in the pleadings or otherwise.

It cannot be assumed, from the mere fact, that the father died testate, that he attempted by his will to make any disposition of the lot in controversy, or any other disposition of his property, which would affect the rights and interests of the parties, in the lot, although it should be a portion of his estate.

The judgment is therefore affirmed.