## Ballance v. Ballance.

(Decided February 16, 1926.)

### Appeal from Logan Circuit Court.

1. Fraudulent Conveyances—Equity Will Not Compel Reconveyance of Property, Conveyed in Attempt to Defraud Creditors.—Equity will not aid one who has attempted to defraud his creditors by putting title to his property in another by compelling reconveyance.

2. Equity—Claim of Alteration in Deed Held Stale.—Claim of alteration of grantee's name in deed, made more than 25 years after its execution and after death of grantor, held stale.

E. J. FELTS and W. V. PERRY for appellant.

G. T. FINN and W. R. PEEBLES for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

John Ballance died in Logan county on August 17, 1885, owning a farm of 225 acres, which by his will he devised to his widow for life and at her death to his five children. J. W. Ballance and W. H. Ballance were two of the children. The widow died in December, 1921, and after her death J. W. Ballance brought this suit against W. H. Ballance to whom he had conveyed his one-fifth interest in the farm, to enforce an alleged parol agreement of his brother to reconvey the property to him. The allegations of the petition were denied and on the proof the circuit court dismissed the petition. J. W. Ballance appeals. The facts are these:

J. W. Ballance on October 22, 1889, conveyed this property and certain other lands that he owned to W. H. Ballance by a deed reciting a cash consideration of $8,-765.00. On April 24, 1891, W. H. Ballance reconveyed the property to J. W. Ballance, who was heavily in debt and wished to get a settlement with his creditors, in consideration, as recited in the deed, of $2,500.00 cash in hand paid, and the further sum of $6,400.00, due one day after date, for which a lien was retained upon the property. On November 24, 1891, J. W. Ballance made an assignment for the benefit of his creditors, reciting in the circuit court dismissed the petition. J. W. Ballance for $6,400.00, also a debt to him of $3,000.00. The assignee brought a suit to settle his accounts, making J.

W. Ballance and W. H. Ballance defendants to the petition. W. H. Ballance filed his answer and cross-petition, asserting a lien on the property for $6,400.00, purchase money; the case was prepared and judgment entered for a sale of the property. The property was sold and W. H. Ballance was the purchaser at the sale. The sale was confirmed and a deed made to W. H. Ballance on July 23, 1892. After this an execution was issued against W. H. Ballance for a debt. The land was sold under the execution and was bought by W. F. Browder, to whom the sheriff made a deed. After this on February 12, 1898, Browder conveyed the land to W. H. Ballance, who has since held the title to it. The evidence leaves no doubt that the conveyance of the land to W. H. Ballance and the reconveyance by W. H. Ballance to J. W. Ballance, retaining a lien for $6,400.00, was simply a device to defeat the creditors of J. W. Ballance. The assignment was made to prevent the creditors from enforcing their claims, and at the sale made in the action to which J. W. Ballance was a party, the land was sold and duly conveyed to W. H. Ballance. If there was any parol agreement between the brothers that W. H. Ballance should hold the land for the benefit of J. W. Ballance, this was simply a part of the original transaction had for the purpose of defeating the creditors of J. W. Ballance. No rule is better settled than that equity in such a state of case will leave the parties where it finds them and that it will not lend its aid to the party who attempts by putting the title to his property in another to defraud his creditors. Snead v. Williamson, 16 B. Mon. 82; Carson v. Beliles, 121 Ky. 294; Lankford v. Lankford, 117 S. W. 962; Coleman v. Coleman, 147 Ky. 384; American Mfg. Co. v. Crittenden Record Press, 166 Ky. 558; Thompson v. Thompson, 188 Ky. 812; Jagoe v. Jagoe, 194 Ky. 105.

J. W. Ballance also insists that Browder in fact conveyed the property to him and that the deed was changed by W. H. Ballance so as to make it read a deed to him; but the proof utterly fails to sustain this allegation. The deed was made and recorded in 1898 and no effort was ever made to correct it. This suit was brought on April 28, 1923. Browder is dead; time has obscured the proof of the facts. The plaintiff's claim is stale, and his petition was properly dismissed.

Judgment affirmed.