## Damron v. Call, et al.

(Decided June 19, 1928.)

### Appeal from Pike Circuit Court.

1. Cancellation of Instruments.—If deed and other consideration were given by grantor to grantee partly for unlawful ·consideration that prosecution against grantor for seduction of grantee's daughter under 16 years of age be dismissed, the parties were in pari delicto, and transaction will not be set aside, as illegal, on application of grantor or his heirs, since latter had no greater rights than grantor.

2. Cancellation of Instruments.—Courts of equity do not aid parties in pari delicto, and wlil neither enforce executory contract nor relieve from consequences of an executed contract founded on an illegal consideration in such case, but will leave parties where they have placed themselves.

3. Bills and Notes.—In suit to cancel deed and note and to recover cash payment given for dismissal of prosecution for seduction, evidence held not to establish grantor's mental incapacity.

W. K. STEELE for appellant.

J. R. JOHNSON, JOHNSON & HINTON, STRATTON & STEPHENSON and A. E. AUXIER for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing. ·

On April 7, 1925, appellant, Bob V. Damron, instituted an action in the Pike circuit court against Jesse C. Call. The cause alleged was that Call had seduced and carnally known appellant's daughter then under 16 years of age, causing her to conceive and become pregnant, to his damage for loss of her services, etc., in the sum of $10,000. At the same time he caused a warrant of arrest to issue for Call for carnally knowing a female under 16 years of age. On June 23, 1925, Call executed and delivered to appellant a deed for a tract of land valued at $2,000, his note for $500 and gave to him $100 in cash in compromise settlement of the civil action then pending, and appellant consented that the criminal proceeding

under the warrant be dismissed. The civil action was dismissed settled and the county judge before whom the prosecution was pending dismissed it. On August 25, 1925, Jesse C. Call died from a gunshot wound, and the record does not disclose whether it was self-inflicted or not. This equitable action was thereafter instituted by appellees, the brothers and sisters of Jesse C. Call, his heirs, against appellant Damron, to cancel the deed and note, above mentioned, and to recover the $100 cash payment, upon the theory that the consideration for their execution and its payment was unlawful and that Jesse C. Call at the time was of unsound mind and acted under coercion and duress. The chancellor adjudged a cancellation of the deed and note and that appellees recover the $100 paid in cash. From that judgment, appellant appeals.

The issue of fact made in the evidence whether the agreement to dismiss the prosecution entered into the consideration for the conveyance and note and cash payment or whether that was consented to solely upon Call's promise to marry the wronged girl need not be determined. If it be conceded that the deed, note, and cash were given by Call to appellant, Damron, partly for the unlawful consideration that the prosecution be dismissed, the parties were in pari delicto. Courts of equity do not lend themselves to the aid of wrongdoers who are in pari delicto. They will neither enforce an executory contract nor relieve from the consequences of an executed contract founded upon an illegal consideration, if the parties be in pari delicto. They will leave them where they have placed themselves. These principles of equity are of universal application. Bertram & Maupin v. Morgan, 173 Ky. 655, 191 S. W. L. R. A. 1917D, p. 445; Thompson v. Thompson, 188 Ky. 811, 224 S. W. 350; Elsey v. People's Bank, 166 Ky. 386, 179 S. W. 392; Mounts v. Charles, 187 Ky. 421, 219 S. W. 184; and Am. Mfg. Co. v. Crittenden Record-Press, 166 Ky. 548, 179 S. W. 456—are a few of the numerous opinions of this court recognizing and applying them. The Mounts case, supra, presented the exact question now before us. It was held that a deed, procured by the illegal consideration that the grantee would secure the dismissal of a murder charge then pending against the grantor, would not be canceled on the prayer of the grantor, since he was in pari delicto. Appellees, who prosecute this action as the heirs of Jesse C. Call, are in no better position

than he would have been if he. had instituted it.  Greene v. Fitzpatrick, 220 Ky. 590, 295 S. W. 896, discusses this question fully, and reference to it is deemed to be sufficient.  The judgment herein expressly recited the chancellor's conclusion that the consideration for the deed, note, and money, in part at least, was unlawful, and appears to be predicated in part thereon.  For the reasons indicated and under authority of the opinions referred to, the chancellor erroneously adjudged a cancellation of the deed and note and a refund of the money upon the theory that they were the product of an illegal consideration.

The record is entirely devoid of evidence tending to establish coercion or duress upon the part of appellant in procuring the deed, note, and money.  If the situation then confronting Call was coercive, such coercion may not be attributed to appellant.  Call created the situation, not appellant.

The evidence offered as tending to establish lack of mental capacity is nebulous, vague, and wholly unconvincing.  No physician was introduced or testified.  Four of his acquaintances concluded that Call's mind was affected, but the circumstances of which they testify upon which they base their opinions leave them devoid of probative value.  The things they testify he said and did evidence normal conduct for a person in trouble as he was, or for one accustomed at times to drink whisky to excess as he was.  As this court views the record, the evidence greatly preponderates that Call was of sound mind when he executed the deed and note sought to be canceled.  He was induced by the circumstances which he created, and for which he was responsible, to part with his property and possessions in settlement of his civil liability for the wrong he had done, at a time when from the evidence it cannot be said he was of unsound mind. If the illegal consideration that the criminal proceeding be dismissed entered into the deed, note, and cash payment, he was in  pari delicto, and equity cannot be invoked to relieve him, or those claiming through him, of the consequences of his act.  The chancellor erred in awarding appellees a judgment for the relief sought and in not concluding that they failed to manifest a right to such relief.

The judgment is reversed, with direction that a judgment dismissing the petition be entered.