## Fyffe's Adm'r v. Lyon et al.

(Decided June 24, 1938.)

C. F. SEE, JR., and CHESLEY A. LYCAN for appellant.

ELDRED E. ADAMS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

On January 8th, 1936, J. M. Fyffe (who then lacked but 20 days of being 85 years old) filed this suit in equity against Forest Lyon and the Bank of Blaine, and in it sought a judgment requiring the former to return to him a $1,000 time certificate of deposit issued by the Bank of Blaine (date not given) and asked that the Bank be enjoined from paying this $1,000 to anyone

other than the plaintiff. On January 20th, 1936, Mr. Fyffe gave his deposition. After that he died testate (date not given, will not in record, and its provisions neither plead nor proven). On May 1st, 1936, and by agreement, this action was revived in the name of his administrator with will annexed, and on June 13, 1936, the court entered a judgment dismissing the petition; hence this appeal.

## The Facts.

J. M. Fyffe put $1,000 in the Bank of Blaine (the date of this deposit is not given) and received therefor a certificate of deposit (not copied in this record), bearing 2½% interest and due January 22, 1936. J. M. Fyffe was sued in the Johnson circuit court (just when, is not shown) for $1,500 and the proof and the undenied pleadings show the old man wanted to so dispose of his property as to avoid paying this judgment if one should be obtained against him. Pursuant to that design a family meeting was held in Blaine, Kentucky (on a date not shown in this record), and at that meeting the old man transferred to his wife and to various members of his family apparently all of his property and as a part of this plan, he then indorsed this $1,000 time certificate of deposit and handed it to his son-in-law Forest Lyon, saying as he did so:

"Here Forest. Take this and take care of it." Later (it is not shown when) he asked Forest to return this certificate and the old man testifies he failed to return it, hence this suit.

## Our Conclusion.

The court did not err in denying a recovery to the administrator with will annexed of Mr. Fyffe. He stands in the shoes of his testator. This alleged secret trust is against public policy. Property will not be restored to one who transferred it with fraudulent purpose to defeat his creditors. See Jayne v. Jayne, 148 Ky. 613, 147 S. W. 41, Ann. Cas. 1913E, page 540; Ray v. Thomas, 140 Ky. 570, 131 S. W. 503.

"Equity will not aid one who has attempted to defraud his creditors by putting title to his property in another by compelling reconveyance." Ballance v. Ballance, 213 Ky. 73, 280 S. W. 473.

"When a party in order to defraud his credi-

tors has property conveyed to another under a secret trust for his own use, he cannot subsequently regain the property if the grantee chooses to hold on to it." 27 C. J. p. 657, Sec. 426. See, also, 27 C. J. p. 606, Sec. 355 et seq.

While it appears J. M. Fyffe disposed of all of his property that day in Blaine, it is urged that there is no proof he disposed of all of it, but that is unimportant. The question is, Did he transfer this certificate for that purpose? and this record shows he did.

Judgment affirmed.