## McGhee's Adm'r v. Elcomb Coal Co.

Dec. 5, 1941.

Pope & Rose for appellant.

Charles Spicer for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed by the appellant against the appellee, Elcomb Coal Company, which had not elected to operate its mine under the Workmen's Compensation Act, Kentucky Statutes, Section 4880 et seq., to recover damages for the wrongful death of his decedent, Carl McGhee, who was killed in the mine by a rock falling from the roof. At the conclusion of appellant's evidence a verdict was directed for appellee, and from the judgment entered on that verdict this appeal is prosecuted.

Sometime before the decedent's death he had taken an examination held by the Department of Mines and Minerals for the purpose of obtaining a certification of qualification to act as mine foreman in accordance with Kentucky Statutes, Section 2739-42, but had failed to pass the examination. Notwithstanding his lack of qualification he had been employed by appellee as mine foreman in that portion of its mine engaged in operating the Harlan seam. In addition to acting as mine foreman the decedent, on certain days known as "block-up" days, also operated the motor of a mine train engaged in hauling out coal but continued to act as foreman while doing so. While operating the motor a rock fell from the roof, striking him and causing injuries from which he died. The roof had been propped but, apparently, one of the cross pieces known as the "collar" broke under the weight of the rock permitting it to fall. No evidence was introduced to show what caused the collar to break so it must be assumed that the fall of the rock was caused by insufficient or inadequate propping.

Since the decedent was acting as mine foreman, it

was his duty to see that the mine was safe and the roof adequately propped. Section 2739-42 provides in part that:

> "* * * The mine foreman or his assistants shall visit and carefully examine each working place in the mine each day or oftener while the miners of such places are at work, and shall direct said miners so that each and every working place shall be secured by props or timbers where necessary. Should the mine foreman or his assistant find a place to be in a dangerous condition, they shall not leave the place until it is made safe, or remove the persons working therein until the place is made safe by some competent persons designated for that purpose. * * * *"

And, since it was decedent's duty to prevent the very thing that happened, injury from falling rock by reason of an unsafe condition of the mine roof, he could not, in the ordinary case, recover for injuries sustained as a result of his failure to see that his working place was safe since he may not be permitted to recover for injuries sustained solely and alone as a result of his own negligence. Liability sought to be imposed on the master here is a derivative one and such derivative liability does not extend to the point of making a master liable to a servant for injury sustained as a result of the servant's own negligence. This is, in effect, conceded in the brief for appellant, but it is argued that since the decedent was employed as mine foreman in violation of the statute requiring a certificate of qualification the appellee was guilty of negligence rendering it liable.

Assuming, arguendo, that employment of the decedent in violation of the statute was negligence which, in turn, was the proximate cause of the decedent's injury and death, nevertheless the decedent was equally guilty with appellee in this unlawful contract of employment. By Section 2739-42 one accepting employment as mine foreman is required to have a certificate of competency from the Department of Mines and Minerals, and by Subsection (N) of Section 2739-49 both the operator and the foreman are subject to a fine if a foreman is employed in violation of this requirement. The provision requiring the certificate of qualification is for the benefit and safety of miners employed in the mine and is a vital and important provision. Therefore, in accepting em-

ployment as foreman, which the decedent knew he could not lawfully accept, he was equally guilty with appellee in violating an important and salutory statute enacted to promote the safety of those working in the mine. In seeking to recover, in these circumstances appellant is confronted with the rule of law embodied in the familiar maxim, *in pari delicto potior est conditio defendantis*—where parties are equally involved in an unlawful agreement the law will not interpose to grant relief to either of them but will leave them where it found them. This legal maxim is generally called into play in actions ex contractu, but there is no reason why it should not be equally applicable in the proper state of case to actions ex delicto arising out of an unlawful or illegal agreement. See Goldnamer v. O'Brien, 98 Ky. 569, 33 S. W. 831, 36 L. R. A. 715, 56 Am. St. Rep. 378; Middlesboro Home Telegraph Co. v. Louisville & N. R. Co., 214 Ky. 822, 284 S. W. 104.

It is insisted for appellant, however, that at the time of his death the decedent was not engaged in his work as mine foreman but was an ordinary employee engaged in operating the motor. The evidence establishes, however, that he was acting as mine foreman on the day he was killed, although he was also operating the motor. There was no evidence to show that he did not have time properly to discharge his duties as mine foreman by reason of other duties imposed on or required of him and, in the absence of such evidence, it is immaterial that he was performing ordinary labor aside from his duties as foreman—he was foreman nevertheless and the proximate cause of his injury and death was his own negligence.

We are of the opinion that the trial court committed no error in directing a verdict for the appellee. Judgment affirmed.