## Woehrle v. American Compressed Steel Corporation et al.

April 23, 1948.

Henry V. B. Denzer, Don Warren, and Raymond C. Arny for appellant.

Samuel M. Rosenstein and D. A. Sachs, Jr. for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment dismissing a petition after a demurrer to it had been sustained and the plaintiff had declined to plead further.

Aubrey Woehrle, plaintiff below and appellant here, alleged in substance in his petition that on May 1, 1946, Gene Beeber, agent of the American Compressed Steel Corporation, contracted to pay him 60c per 100 pounds for certain scrap steel delivered to the American Compressed Steel Corporation and 50c per 100 pounds for the scrap steel which the corporation hauled itself. The scrap material contracted for had been part of a bridge over Salt River on Dixie Highway in Jefferson county, Kentucky, and belonged to the Commonwealth of Kentucky.

On July 9, 1946, Woehrle and Beeber were arrested on the charge of grand larceny and later an indictment was returned against them. On April 4, 1947, Woehrle entered a plea of guilty to a charge of attempted grand larceny and he was sentenced to imprisonment in the county jail for a term of five months but the sentence was suspended. Beeber also entered a plea of guilty to the reduced charge and was given a like suspended sentence. The corporation paid to the Commonwealth of Kentucky $2,900 for the scrap steel which it had received.

On May 19, 1947, Woehrle brought this action against Beeber and the American Compressed Steel Corporation to recover damages in the sum of $25,000 and in addition $516.85 expended by him in his defense in the criminal prosecution and $750 for the loss of the use of a truck which was impounded by the Commonwealth during the pendency of the criminal case. The appellant in his petition attempted to avoid the impact of the rule that a court will not lend itself to the aid of a wrongdoer who is in pari delicto, but will leave the parties where it found them. The rule is universally applied. Barnell v. Jacobs et al., 304 Ky. 374, 200 S. W. 2d 940; McGhee's Adm'r v. Elcomb Coal Co., 288 Ky. 540, 156 S. W. 2d 868; Sparks v. Baker, 272 Ky. 663, 114 S. W. 2d 1145; Damron v. Call, 225 Ky. 150, 7 S. W. 2d 1069; Restatement of Contracts, vol. 2, section 598; 17 C. J. S., Contracts, sec. 272.

Appellant cites a number of foreign cases, including Stryk v. Mnichowicz, 167 Wisc. 265, 167 N. W. 246, 1 A. L. R. 297, which held that where a person is induced by the false representation of another to do an act which in consequence of such misrepresentation he, without negligence on his part, believes to be neither illegal nor immoral and which would not be illegal or immoral if the representation were true, but which is in fact a criminal offense, he may recover from the maker of the representation any damages sustained by him proximately resulting from the act. This is a generally recognized rule, but appellant failed in his petition to bring himself within the rule. He alleged in part:

"Plaintiff states that said scrap material in truth belonged to the Commonwealth of Kentucky and that the defendant, Gene Beeber, acting as agent for the American Compressed Steel Corporation knew or with reckless disregard for the truth and facts, that said abandoned scrap material did belong to the Commonwealth of Kentucky. Plaintiff states that the defendant corporation sent one of its trucks to pick up the aforesaid scrap material and paid plaintiff at the rate of 50c per 100 pounds for the steel which the defendant corporation hauled itself and 60c per 100 pounds as aforesaid for the steel which the defendant delivered himself. * * * Plaintiff further states that he was indicted by the grand jury on August 2nd, 1946 and the case was set for trial in the Jefferson Circuit Court, Criminal Division for August 2nd, 1946 and arraigned August 5th, 1946 and his bond was fixed at $1,000.00 and he was required to expend $52.00 for a professional bondsman to secure his liberty. Plaintiff states that his case was set for trial on October 22nd, 1946 on a charge of grand larceny. The case was then continued on January 21st, 1947 on April 4th, 1947, and the defendant, because of the aforesaid assurances, fraud and trickery on behalf of the American Compressed Steel Corporation, through its agent, servant and employee was compelled by reason of evidence against him to enter a plea of guilty to attempted grand larceny and was given a five (5) months jail sentence suspended and he was required to pay $12.85 court costs. Plaintiff further states that he was required to and did employ counsel and that

he expended on this account the sum of $400.00 which was a fair and reasonable attorney's fee."

He failed to allege explicitly that he did not know the property belonged to someone other than the American Compressed Steel Corporation or that he was not in possession of all the facts when he entered his plea of guilty. He stated that he was compelled to plead guilty by reason of evidence against him and there is no suggestion that this evidence was false. A person, who with all the facts in his possession enters a plea of guilty in a criminal case, will not be permitted to maintain a civil action for damages growing out of the criminal transaction.

Judgment is affirmed.