RENDERED: NOVEMBER 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0202-MR

DOUGLAS WAIN AND ELISA WAIN                                           APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.              HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 19-CI-00812

CENTRAL BANK AND
TRUST COMPANY; DITECH FINANCIAL,
LLC; NEWREZ, LLC, D/B/A SHELLPOINT
MORTGAGE SERVICING, ASSIGNEE OF
DITECH FINANCIAL, LLC                                                APPELLEES

OPINION
AFFRIMING

** ** ** ** **

BEFORE: ACREE, JONES, AND MAZE, JUDGES.

MAZE, JUDGE: Douglas and Eliza Wain (collectively, the Wains) appeal from a

judgment and order of sale entered by the Fayette Circuit Court in favor of Central

Bank & Trust Company (Central Bank). The Wains argue that there were genuine

issues of material fact on their defense of unclean hands that precluded summary judgment. We agree with the trial court that the Wains failed to identify any facts which would have precluded Central Bank from foreclosing on the property. Hence, we affirm.

On June 28, 2006, the Wains and Central Bank executed a "Gold Line Equity Agreement" (the Agreement) in the principal amount of $350,000.00. The Agreement was secured by a second mortgage on their residence in Lexington. Beginning in August 2018, the Wains fell behind in their payments on the account. The parties agree that they engaged in discussions about options to bring the account current, but they disagree as to the content of those discussions.

The Wains point to correspondence between Douglas Wain and Central Bank employees Ashleigh Holden and Steve Hall. The Wains contend that they repeatedly asked for reconciliation statements showing the past-due amounts, but they did not receive a reply until November 2018. However, Central Bank points out that the Wains accessed their account online during this period and had ready access to the current information regarding the amounts due. The Wains also made several partial payments on the past due amounts through the online system.

On January 31, 2019, Hall sent a demand letter, advising the Wains that Central Bank had elected to accelerate payment and declare the entire loan

amount then due and owing. Douglas Wain sent a reply on February 11, acknowledging receipt of the demand letter but disputing the interest rate and credit for payments previously made. The Wains also requested that Central Bank reinstate the loan. On February 22, Hall responded that Central Bank would only allow reinstatement of the loan under certain conditions and directed the Wains to respond to the offer by March 1. Prior to that date, Douglas Wain responded to Hall and expressed an interest in getting current on the loan. However, he did not accept Central Bank's condition of accepting an agreed judgment.

Thereafter, on March 6, 2019, Central Bank filed the current action against the Wains for breach of contract and foreclosure on the encumbered property.[1] The Wains filed an answer and counterclaim, asserting an affirmative defense of unclean hands on the part of Central Bank. Specifically, the Wains alleged that Central Bank failed to negotiate in good faith. The Wains also asserted claims for breach of contract, fraud, violation of the Truth-in-Lending Act (TILA), 15 U.S.C.[2] § 1666a, and the Kentucky Consumer Protection Act, KRS[3] 367.110 *et seq.*

---

[1] Subsequently, Central Bank filed an amended complaint naming the first mortgage-holder.

[2] United States Code.

[3] Kentucky Revised Statutes.

Following a period of discovery, Central Bank moved for partial summary judgment, judgment on the pleadings, and an order of sale. In support of the motion, Central Bank pointed to the following facts to which the Wains had admitted or were otherwise unrefuted:

- The Wains executed and delivered the Agreement, secured by a Mortgage, to Central Bank in June 2006;

- The Wains had access, at all relevant times, to their account information, including their outstanding balance and payment due, via Monthly Statements and Central Bank's online system, CardManager;
- The Wains accessed CardManager many times and used it to submit partial payments;

- The Wains have defaulted in payments on the Agreement;

- The amount owed on the Agreement is $380,684.43, with interest thereon at a variable rate as provided in the Agreement, currently at $31.13 per diem from July 8, 2020, until paid, and such other costs, expenses including collection costs, taxes and damages that may be incurred or to be incurred by Central Bank; and

- The Agreement is secured by the Mortgage, which is valid and enforceable to secure payment of the Agreement.

The trial court conducted a hearing on the motion on December 11, 2020. After considering the briefs and arguments of counsel, and after noting the undisputed facts set forth above, the trial court granted summary judgment and an

order of sale on January 20, 2021.  The trial court found that Central Bank had a valid and enforceable second mortgage on the Wains' property to which it was entitled to foreclose.  The judgment awarded Central Bank $358,412.72, plus interest from March 6, 2019, plus costs and attorney fees.  The order of sale directed the Master Commissioner to sell the property and apply the proceeds among the lienholders.  The trial court subsequently entered an order confirming the Commissioner's Report of Sale.  Following the sale but prior to the confirmation of the Commissioner's Report, the Wains filed their current appeal.[4]

The sole question presented on appeal is whether Central Bank was entitled to summary judgment as a matter of law.  "The proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR[5] 56.03.  The record must be viewed in a light most favorable to the party

---

[4] The Wains did not file a *supersedeas* bond or seek to stay the Commissioner's Sale.

[5] Kentucky Rules of Civil Procedure.

opposing the motion for summary judgment and all doubts are to be resolved in his favor. *Steelvest*, 807 S.W.2d at 480. The trial court must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists. *Id.* Since a summary judgment involves no fact-finding, this Court's review is *de novo*, in the sense that we owe no deference to the conclusions of the trial court. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

As discussed above, the Wains admitted that there was a valid mortgage on their property and that they were in default under the terms of the Agreement. However, the Wains argue that there were genuine issues of material fact which precluded summary judgment on their defense of unclean hands. The unclean hands doctrine is a rule of equity that forecloses relief to a party who has engaged in fraudulent, illegal, or unconscionable conduct but does not operate to "repel all sinners from courts of equity." *Dunscombe v. Amfot Oil Co.*, 201 Ky. 290, 256 S.W. 427, 429 (1923). "The transaction with respect to which there was misconduct must be connected with the matter in litigation in order for the doctrine of unclean hands to apply." *Eline Realty Co. v. Foeman*, 252 S.W.2d 15, 19 (Ky. 1952). *See Suter v. Mazyck*, 226 S.W.3d 837, 843 (Ky. App. 2007).

"In a long and unbroken line of cases this court has refused relief to one, who has created by his fraudulent acts the situation from which he asks to be extricated." *Asher v. Asher*, 278 Ky. 802, 129 S.W.2d 552, 553 (1939). A trial

court's decision to invoke the equitable defense of the unclean hands doctrine rests within its sound discretion. *See Petroleum Exploration v. Pub. Serv. Comm'n of Kentucky*, 304 U.S. 209, 218, 58 S. Ct. 834, 839, 82 L. Ed. 1294 (1938). The doctrine will not be applied to all misconduct, as when "the plaintiff has engaged in conduct less offensive than that of the defendant." *Suter*, 226 S.W.3d at 843. *See also Mullins v. Picklesimer*, 317 S.W.3d 569, 577 (Ky. 2010).

The Wains cite two cases in support of their contention that the doctrine of unclean hands is a fact-specific matter on which summary judgment is usually inappropriate. In *Memorial Hall Museum, Inc. v. Cunningham*, 455 F. Supp. 3d 347, 361 (W.D. Ky. 2020), a museum sued to recover two stolen Civil War uniforms that were in the possession of the defendant. The defendant argued that the museum's claim was barred by laches, but the museum argued that the defendant had unclean hands because he was aware that the uniforms had been stolen. Applying Kentucky law, the federal district court concluded that there were disputed issues of material fact regarding both parties' equitable claims. *Id.* at 362.

In *Cabot Turfway Ridge Defendants v. U.S. Bank National Association*, No. 2015-CA-001199-MR, 2017 WL 2211082, (Ky. App. May 12, 2017), a group of investors signed a promissory note and mortgage, but then turned over management of the encumbered property to their partners and tenants. When the Bank sought to foreclose on real property after a default, the investors argued

the Bank's action was precluded by laches and unclean hands. The investors argued that the Bank was aware of the tenants' misconduct and failed to require a timely cure to the tenants' defaults. This Court agreed that summary judgment was appropriate because the investors had not produced any evidence that the Bank aided in the tenants' fraud or that it knew of the improper conduct by the tenants. *Id.* at *7.

It is well-established that a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial. *Steelvest*, 807 S.W.2d at 481. The facts and procedural posture of the current case are closer to those presented in *Cabot Turfway* than *Memorial Hall Museum*. The Wains contend that Central Bank failed to properly acknowledge their partial payments made in October 2018 but acknowledge that they remained in default under the Agreement. The Wains further assert that Hall misrepresented Central Bank's willingness to negotiate a resolution of their default without proceeding to foreclosure.

However, all of the conduct involving those negotiations occurred after Hall advised the Wains that Central Bank had elected to accelerate the balance due on the Agreement. Furthermore, Hall's February 22, 2019, email expressly conditioned any settlement on the Wains' agreement to pay all past due

amounts by March 15 and to execute an agreed judgment. The email also required the Wains' acceptance of these conditions by March 1. Douglas Wain's response did not clearly accept all of these conditions.

In any event, the negotiations did not involve the validity of the underlying loan or Central Bank's obligations involving that loan. Rather, the negotiations only concerned the Wains' efforts to seek Central Bank's forbearance on collection and foreclosure. Although Central Bank could have handled these matters differently, there is no showing that Hall's representations induced the Wains to act or fail to act to make a timely cure of their default. Under the circumstances, we agree with the trial court that there was no fraudulent, illegal, or unconscionable conduct that would preclude Central Bank from exercising its rights under the Agreement.

Accordingly, we affirm the summary judgment and order of sale entered by the Fayette Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANTS:

David W. Hemminger
Louisville, Kentucky

BRIEF FOR APPELLEE CENTRAL
BANK AND TRUST COMPANY:

Gregory D. Pavey
Timothy R. Wiseman
Lexington, Kentucky