## Johnson v. McMillion, et al.

(Decided January 18, 1918.)

### Appeal from Elliott Circuit Court.

1. Contracts—Consideration.—If any part of a single consideration or one or more or several considerations for a single promise are illegal and vicious, the entire promise is void, and will not be enforced.

2. Contracts—Consideration.—If the consideration or several considerations for several promises are legal and valid, and some of the promises are legal and others illegal, and the performance of the legal promises can be separated from the illegal ones, the legal promises will be enforced, and the illegal ones held void.

JOHN A. GRAY for appellant.

J. J. C. JOHNSON, THEOBOLD & THEOBOLD for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This action was instituted in the Elliott circuit court by the appellant, H. V. Johnson, against the appellee, Lucy Johnson McMillion, to recover against her a personal judgment for the sum of a promissory note and its accrued interest, which the appellee, while a married woman, and her former husband, Ell Johnson, had executed to appellant on the 30th day of July, 1909, and, also, to enforce a mortgage lien upon the appellee's lands, and to secure an order of sale of the lands to satisfy the debt represented by the note. The mortgage, as alleged, had been executed to appellant by the appel-

lee and her husband, at the time of the execution of the note, to secure its payment. The lands embraced in the mortgage were owned by the appellee and not her husband. The husband of appellee, with whom she joined in the execution of the note and mortgage, was killed a few weeks after the note and mortgage were executed. As defenses to a recovery by the appellant, the appellee plead, that the note was without a valuable consideration as to her; that the consideration of the note was illegal and vicious; that she was compelled, by duress exerted upon her by her husband, with the knowledge and connivance of the appellant, to execute the note and mortgage, against her will and consent; that appellant and her husband conspired together and fraudulently procured her to execute the note and mortgage, when same were without any consideration as to her; and that the acknowledgment of the mortgage by her was before an unauthorized person, who had no authority to take acknowledgments of mortgages or deeds executed by a *feme covert,* and that his certificate thereon of such acknowledgment was a mistake. A considerable quantity of evidence was taken upon the various issues made, and upon a submission of the action, the circuit court adjudged, that the appellant was not entitled to any recovery, and that his petition be dismissed, and from the judgment this appeal is prosecuted.

Because of the conclusion, which has been reached, it is found to be unnecessary to advert to more than one of the grounds presented in resistance of the recovery upon the note and mortgage. Passing over the controversy, as to whether the note was executed as a promise to pay the debt of the appellee or the debt of her husband, or whether she executed it under fear of violence at the hands of her husband, the facts about which there seems to be no controversy, are, that Ell Johnson, in the early part of the year, 1908, killed his brother-in-law, who was a brother of appellee, and thereafter was indicted for the crime of wilful murder and was incarcerated in jail, awaiting trial, in September of that year. His father and the appellant, his brother, and two or more brothers-in-law and the appellee gathered at Sandy Hook for the purpose of assisting him in procuring counsel for his defense and otherwise rendering him assistance, in the defense of the prosecution. Attorneys were secured for him and four notes were executed to them

for their fees, and the appellant became an obligor upon the notes, as well as his father, and a brother-in-law subscribed at least two of the notes. The appellee was an obligor upon one or more of the notes, and Ell Johnson seems to have subscribed to one of them and possibly all of them. The evidence as to who were the obligors upon these notes is very contradictory and far from satisfactory. Ell Johnson underwent a trial and was convicted in the early part of the year, 1909, but upon appeal by him, the judgment was reversed and a new trial granted, and he was admitted to bail in the month of June, 1909. Regardless of who were the obligors upon the notes, they were regarded by the parties as representing the debts of Ell Johnson, and by an arrangement between him and appellant, the appellant discharged two of the notes and portions of two others, and Ell Johnson paid to him the amount of one of the notes, and, also, some other small payments. The appellant, also, paid for and furnished to Ell Johnson other sums of money for purposes connected with his defense to the indictment for murder, as well as for some other purposes, and in July, 1909, the appellant rendered to Ell Johnson and the appellee a statement of the matters between them. The statement was in the shape of an account against Ell Johnson, showing the amounts of money, which appellant had paid for and furnished to him, and, also, a statement of the amounts, which he had received from Ell Johnson. The balance was the consideration for the note sued upon, and for which the mortgage sued upon was executed to secure. Of the consideration for the note, three of the items, which amounted together to $162.50, were sums of money, which had been furnished by the appellant to Ell Johnson, for the purpose of procuring a witness for the Commonwealth of Kentucky, in the prosecution against Ell Johnson, to leave the State of Kentucky, and to keep her out of the jurisdiction of the court, for the purpose of preventing her from giving testimony against Ell Johnson, in the prosecution against him for murder. These sums of money were furnished by appellant with the full knowledge of the purpose for which they were to be used, and for the purpose of being so used, and were used for that purpose, as appears from the testimony of the appellant. It seems, that the witness thus corrupted and carried out of the jurisdiction of the court,

so as to be prevented from testifying for the Commonwealth, in the prosecution, was the only witness whose testimony was deemed to be dangerous to the safety from conviction of Ell Johnson. It scarcely seems necessary to say, that a promise, the consideration of which is illegal, will not be enforced. An enforceable contract must be based upon a valid consideration, and if the consideration is illegal, the contract is void. At the common law, the obstruction of justice, in the courts, was a misdemeanor and an indictable offense, and the spiriting away of a witness to prevent the witness from testifying was always held to be one method of obstructing justice in the courts, and in order to constitute this offense, it was not necessary, that the witness should have been under subpoena or recognizance. Commonwealth v. Berry, 141 Ky. 477. A promise, the consideration for which is an agreement to defeat or hinder the administration of the criminal laws, is always void, as against public policy, and is not enforceable. Averback v. Hall, 14 Bush 505; Swan v. Chandler, 8 B. M. 97, 9 Cyc. 500. There is some divergence of opinion as to whether or not a promise to repay money loaned for an illegal purpose is void, but the rule is thus stated in 6 R. C. L. 696, as follows:

"The mere knowledge of the borrower's unlawful intention . . . does not ordinarily render the contract illegal, although it is otherwise where the money is loaned for the express purpose of being used in an illegal transaction," and further, "It undoubtedly is a correct principle, it has been said, that one who furnishes funds to another, who he knows or has every reason to believe intends to devote them to the perpetration of crime and seeks to procure them for that purpose, will not be allowed to maintain an action on his contract." 6 R. C. L. 969.

Hence, any promise, which Ell Johnson might have made to repay to appellant the money thus illegally furnished for such illegal and vicious purpose would not be enforceable, as the appellant was a participant with Ell Johnson in violating the law and assisting him in the obstruction of public justice by furnishing the money necessary to accomplish the purpose of spiriting away the witness beyond the jurisdiction of the court, and keeping her away by means of money furnished, to prevent her from testifying. The money, it seems, was fur-

nished for that express purpose. This money so furnished constitutes a part of the consideration for the note sued on. A portion of the consideration for the note was, however, sums of money, which were furnished to Ell Johnson for legitimate purposes, and the question is thus presented: If a part of the consideration for a promise is legal and valid, and a part is illegal, can the promise be enforced to the extent of the legal consideration, and held invalid to the extent that the consideration is illegal? Can you thus split up a single promise and divide its effects? This question is answered in 9 Cyc. 556, as follows:

"If any part of a single consideration for one or more promises be illegal, or if there are several considerations for one promise, some of which are legal and others illegal, the promise is wholly void, as it is impossible to say which part or which one of the considerations induced the promise."

In Kimbrough v. Lane, 11 Bush 556, it is said:

"A part of the entire consideration being vicious, the whole contract is void."

The rule is different where the consideration or all of the considerations, if there be more than one, are legal, and they are relied upon to support several promises made because of these considerations, some of which are legal and others illegal. In such states of case, if the legal promises can be separated from the illegal ones, the legal ones may be enforced, while the illegal are held void. It will be observed, in the instant case, that the note is a single promise and a part of the consideration for it being illegal, it vitiates the entire promise, in accordance with the rule first stated, as was held in Brown v. Langford, 3 Bibb 500, where it was said:

"There is no question but that a promise founded upon several considerations, one of which is vicious, is void, and the same principle requires that a covenant should be held so, if the consideration be in part affected with turpitude."

In addition to the above cited authorities, the principles above stated have been upheld by this court in Collins v. Merrill, 2 Met. 163; Bugg v. Holt, 29 R. 1208; McLain v. Dickson, 30 R. 683; Smith v. Corbin, 135 Ky. 729; Newport Rolling Mills Co. v. Hall, 147 Ky. 598; Gardner v. Maxey, 9 B. M. 90; Donallen v. Lennox, 6

Dana 89; Stratton Admr. v. Wilson, 170 Ky. 61. The note, which the mortgage was executed to secure, being void and uncollectible, the mortgage is, also, void.

The judgment is, therefore, affirmed.