## Jones v. Henderson.

(Decided October 26, 1920.)

### Appeal from Ballard Circuit Court.

Attorney and Client—Agreement to Prevent Prosecution—Public Policy.—An agreement between client and attorney whereby the latter undertook to expend money received of the former to prevent or end a criminal prosecution for a felony pending against him; or to procure, by their absence or otherwise, a suppression of the evidence of witnesses intended to be used against him in such prosecution, whether before the grand jury investigating the crime or on his trial after indictment, is void as against public policy. For which reason the failure of the attorney to comply with the terms of the agreement, did not entitle the client to recover of him the money received thereunder.

J. B. WICKLIFFE for appellant.

JOHN E. KANE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Sam H. Jones, sued the appellee, Wm. Henderson, in the court below, seeking to recover of him $1,000.00, which, as alleged in the petition, had been placed in his hands by appellant for the purpose recited in the following writing executed by appellee when the money was received by him:

"Rec'd of Sam H. Jones, $1,000.00, same to be used in settlement of suit or case against him in circuit court, Ballard county, or so much as needed; balance to be returned to him. This December 24th, 1917.

"WM. HENDERSON, Attorney."

It was alleged in the petition that appellee failed to compromise or settle the case referred to in the above writing, and that same was prosecuted against appel-

lant to a final judgment. Also that the writing was without consideration and that the consideration expressed therein failed, because of appellee's failure to carry out his promise made therein to settle the case against appellant by the use of the $1,000.00, paid him by the latter, or any part thereof; and, finally that he refused to return or repay any part of the $1,000.00, to appellant, though the whole thereof had been demanded of him by the latter.

Appellee filed an answer and counterclaim containing four paragraphs, in the first of which he admitted receiving of appellee the $1,000.00 in question for the purpose of settling the case against him in the Ballard circuit court as stated in the writing, but denied the misappropriation of the money charged in the petition or that appellee was entitled to the return of some or any part thereof.

In the second paragraph of the answer and counterclaim it was alleged that on September 28, 1917, appellant was arrested under a warrant issued by L. M. Wilford, a justice of the peace of Ballard county, charging him with the crime of unlawfully detaining a woman, Elizabeth Bennett, with the intent to have carnal knowledge of her against her will; that upon appearing, on that date before the justice of the peace, appellant waived an examination upon the charge and was held on bond to appear in the Ballard circuit court, at its succeeding term, to answer any indictment the grand jury might return against him for the crime mentioned, and that the $1,000.00 delivered to appellee by appellant, and for which the writing of December 24, 1917, was executed by way of a receipt, was received by the former as attorney of the latter for use in compromising or otherwise settling the case or prosecution referred to, which was then pending against him in the Ballard circuit court.

In paragraph three it was alleged that $900.00 of the $1,000.00 thus received of appellant by appellee was paid by the latter in compromise and settlement of the pending prosecution against appellant in the Ballard circuit court to J. W. Bennett, father of the prosecutrix, Elizabeth Bennett, for the benefit of himself and daughter, appellee in good faith believing at the time, from what he regarded reliable information, that the Commonwealth's attorney of the judicial district, including Ballard county, would consent to such compromise and settlement and dismiss the prosecution against appellant;

but that as the prosecution was for a felony, the furnishing of the $1,000.00 by appellant to appellee for the purpose of effecting the attempted settlement and dismissal of the prosecution, as well as the payment by appellee of $900.00 thereof to the father of the prosecutrix, as a means to that end, was contrary to the public policy of the state and therefore unlawful; for which reason appellant was and is estopped to sue for or recover the $1,000.00, or any part thereof, of the appellee, or of the Bennetts, father or daughter, any part of the $900.00 received by them.

In the fourth and final paragraph of the answer and counterclaim it was alleged that immediately following appellant's arrest under the warrant charging him with the crime stated he employed appellee, who is an attorney at law, to represent him in any effort that might be made to compromise and settle the case, and also to defend him, both in the justice's and circuit courts, in any prosecution that might be instituted against him for the crime, and agreed to pay appellee for the professional services thus to be rendered by him a fee of $100.00. That appellee, pursuant to such employment, did faithfully represent appellant in the justice's court and in the attempt to procure the compromise and settlement of the case, and did, in like manner, defend him in the circuit court on his trial for the crime charged; and that for the services rendered by him for appellant in the two courts mentioned, he was entitled to be paid, and did retain as a reasonable fee, $100.00 of the $1,000.00 received by him of the latter, which was all that remained in his hands after payment of the $900.00, to J. W. Bennett.

By agreement of the parties all affirmative matter of the answer and counterclaim was controverted of record; and on the trial of the case, following such completion of the issues, the circuit court at the conclusion of appellant's evidence, peremptorily instructed the jury to return a verdict for the appellee, which was accordingly done.

Appellant was refused a new trial; complaining of which and of the action of the trial court in directing a verdict for the appellee, he prosecutes this appeal from the judgment of that court approving the verdict and dismissing the action.

The only evidence introduced in appellant's behalf on the trial of the case in the court below was furnished by his own testimony as a witness, which fully establishes

the following facts: (1) His arrest under a warrant issued by a justice of the peace charging him' with the felony named in the pleadings, and that on appearing in the court of the justice he waived an examination under the warrant and was held under a bond, then executed by him, to answer in the Ballard circuit court such indictment as might be returned against him by the grand jury for the crime charged; (2) that after being thus held over to the circuit court, appellant furnished appellee $1,000.00 for use by the latter in effecting through the young woman upon whom he was charged to have committed the crime, or her father, a settlement' and dismissal of the prosecution then pending against appellant for the crime charged, and that no part of the $1,000.00 was ever returned to him by appellee; (3) that appellee did not succeed in effecting such settlement or dismissal of the prosecution; (4) that the Commonwealth's attorney of the judicial district did not consent to such settlement, and refused to dismiss the prosecution, and that appellant was indicted for the crime charged by the grand jury and tried under the indictment.

In giving his testimony appellant did not deny the employment of appellee as attorney to procure for him the dismissal of the prosecution by means of the $1,000.00, furnished him, or the payment by appellee of the $900.00 to J. W. Bennett for that purpose; nor did he deny the employment of appellee to make his defense to the prosecution, nor that the latter did defend him in both the justice's and circuit courts. It is fairly inferable, however, from his testimony that, notwithstanding the payment to Bennett of the $900.00, by appellee and the agreement by the former and his daughter to settle or dismiss the prosecution, its dimissal was prevented by the refusal of the Commonwealth's attorney to be a party to such a compounding of a felony.

It does not appear from appellant's testimony nor from any pleading in the case, how his trial under the indictment in the circuit court resulted. We are therefore unable to learn from this record whether he was convicted or acquitted of the crime charged. We are, however, judicially advised by the opinion of this court in Henderson v. Commonwealth, 185 Ky. 232, of the reason for the silence of the record on this point, as it therein appears that by the payment to J. W. Bennett and his daughter of the money or the greater part thereof furnished him by appellant, appellee, as a means of preventing them

from appearing in court or giving their testimony against the former regarding the crime committed by him on the daughter, induced them to leave Ballard county and remain away for at least two terms of the Ballard circuit court; and while the opinion in Henderson v. Commonwealth, *supra,* does not so state, the failure of the prosecutrix and her father to appear and testify against appellant, doubtless caused his acquittal of the crime charged, or, if he was not tried, prevented the finding of an indictment against him. Appellee suffered, however, for his procurement of the absence of the two witnesses named, as by reason thereof, he was indicted in the Ballard circuit court for the common law offense of obstructing justice, and on his trial in that court convicted by verdict of a jury which inflicted upon him, by way of punishment, a fine of $1,000.00, the judgment entered upon which was, on appeal, affirmed by this court.

It is patent from the language of the writing evidencing the agreement under which appellee received the $1,000.00, furnished him by appellant, as well as the admissions of the pleadings and appellant's testimony respecting the use to which it was to be applied, and, in fact, was applied by appellee, that it and the resulting transactions from beginning to end had for their object the compounding of a felony, or the suppression of evidence to unduly prevent or end a criminal prosecution then pending against appellant, either or any of which rendered the agreement in question illegal and void.

In 9 Cyc. 500, the doctrine we have in mind is thus declared:

"Agreements calculated to impede the regular administration of justice are void as against public policy, without reference to the question whether improper means are contemplated or employed in their execution. The law looks to the general tendency of such agreements, and it closes the door to temptation by refusing them recognition in any of the courts of the country. Within the condemned category are agreements to compound a crime or a penal action; agreements involving champerty or maintenance; agreements to refer to arbitration; agreements to procure a witness to swear a particular thing or to procure evidence of any kind; agreements to induce a witness to testify, or to abstain from testifying or suppress evidence, or to influence the testimony of a witness in any way; agreements to stifle or prevent a criminal prosecution or to unduly influence its

termination; agreements involving the evasion of the service of judicial process; agreements to conceal the fact that a party is breaking the law; or agreements interfering with the proper discharge of the duties of a judicial officer or other person charged with the enforcement of the law. . . . All agreements, it is said in a recent case, relating to proceedings in court, civil or criminal, which may involve anything inconsistent with the impartial course of justice, are void, although not open to the charge of actual corruptness, and regardless of the good faith of the parties or of the fact that no evil resulted therefrom.''

Kimbrough v. Lane, 11 Bush 556; Barclay v. Breckinridge, 4 Met. 374; Gardner v. Maxey, 9 B. Mon. 90; Swann v. Chandler, 8 B. Mon. 97; Miller v. Payne, 7 R. 287; Wheeler, etc., Mfg. Co. v. Hord, 4 R. 240.

As the agreement in question was and is void, it is uninforcible as to either of the parties to it or any person intended to be benefited by it. Nor can either party have a right of action against the other for a breach of any of its stipulations. There can be no doubt of appellant's knowldege of the illegal, even criminal, use to which the $1,000.00 he furnished appellee was to be applied by the latter, for its object is stated in the writing executed by him as a receipt for the money, and also admitted by appellant in giving his testimony. As said in Johnson v. McMillion, 178 Ky. 707, quoting with approval from 6 R. C. L. 969: ''It undoubtedly is a correct principle, it has been said, that one who furnishes funds to another, who he knows or has every reason to believe intends to devote them to the perpetration of crime and seeks to procure them for that purpose will not be allowed to maintain an action on his contract.''

In Johnson v. McMillion, *supra,* the action was upon a note executed for money a part of which, with the knowledge of the payee, was furnished and used to procure the absence and suppress the testimony of a witness against one charged with murder. It was held there could be no recovery upon the note, even for such part of the money due thereon as was not used for the illegal purpose of suppressing the testimony of the witness whose absence from the trial was procured. The opinion based this conclusion on the following well known rule: ''If any part of a single consideration for one or more promises be illegal, or if there are several considerations for one promise, some of which are legal and others illegal, the promise is

wholly void, as it is impossible to say which part or which one of the considerations induced the promise.'' 9 Cyc. 556. The above rule, stated in varying terms, is supported by the following cases cited in the opinion: Brown v. Lankford, 3 Bibb, 500; Kimbrough v. Lane, 11 Bush, 556; Bugg v. Holt, 29 R. 1208; McLain v. Dickson, 30 R. 683; Smith v. Corbin, 135 Ky. 729; Newport Rolling Mills Co. v. Hall, 147 Ky. 598; Stratton v. Wilson, 170 Ky. 61.

In American Nat. Bank v. Madison, 144 Ky. 152, a married woman and her husband executed certain notes aggregating $2,500.00, secured by a mortgage upon her land, to a former employer of their son for the payment of money embezzled by the latter. The notes were sold and assigned by the payee to the bank which brought suit upon them when due. The payors resisted a recovery on the grounds that the notes were executed under duress and to prevent the prosecution of their son for embezzlement, the answer being made a cross-petition against the employer of the son, against whom a judgment was asked for the amount of the notes, in the event of a recovery by the bank against the payors. The circuit court holding that the bank was an innocent purchaser of the notes gave it judgment against the payors of the notes, and the latter judgment on their cross-petition against the employer of the son. On the appeal of the case, we affirmed the judgment against the payors and reversed the judgment of the payors against the son's employer, holding that while the bank was protected by the law as an innocent purchaser of the notes, as the consideration passing between the employer of the son and payors was unlawful as constituting the compounding of a felony, the latter were not entitled to recover of the former what was recovered of them by the bank. In the opinion it is said:

''It was clearly an illegal contract, one which the law would not enforce, nor against which will it afford relief. If appellee, instead of executing her notes and mortgage, had paid to Claypool the $2,500 in cash, and then thereafter sought to recover of him this money on the ground that it was paid for the purpose indicated, the law would have afforded her no relief. She is in no better position as to the notes by reason of the unlawful, vicious and void contract into which she entered. The law will not lend its aid to the enforcement of such a contract, but simply leaves the parties where it finds them.''

The principle announced in the case, *supra,* and others above cited must be applied in the instant case. A part

of the consideration of the contract involved being vicious, the whole contract is void. This conclusion makes it unnecessary to consider the question whether appellee has a right to retain $100.00 of the $1,000.00 furnished him by appellant as a fee. The contract under which the former received of the latter the $1,000.00 being void, he could not have recovered of appellant a fee; and for a like reason appellant cannot recover of him the $100.00 he retained for that purpose. Whether the contract is against public policy or otherwise void, being a question to be determined by the trial court, therefore the giving of the instruction directing a verdict for the appellee was not error. Wherefore the judgment is affirmed.