132 So.2d 466 (1961)
Charles M. CAMPBELL, Appellant,
v.
ROMFH BROS., INC., a Florida corporation, Appellee.
No. 1901.
District Court of Appeal of Florida. Second District.
August 30, 1961.
*467 Watson, Hubert & Sousley, Fort Lauderdale, for appellant.
Sinclair & Barfield, Paul A. Louis, and Bertha L. Freidus, Miami, for appellee.
KANNER, Judge.
Subject of this appeal is a final judgment entered for defendant by the trial court as the result of a suit for realtor's brokerage commission, jury trial having been waived. The review sought relates solely to the question of whether the trial court, at the close of plaintiff's case, improperly granted defendant's motion to dismiss the first of two counts of the amended complaint. In rendering final judgment for defendant, the court set out as a basis for dismissal of count one that the note sued on under that count was illegal because it was in contravention of section 475.42(1) (d), Florida Statutes, F.S.A.[1] The note was claimed to have been given as evidence of a real estate brokerage commission earned.
The dissonance reflected by the cause before this court emanates from a dispute as to the amount of commission to be paid by defendant to plaintiff in connection with sale of certain unimproved lands in Okeechobee County. The initial agreement was for a 10 percent commission, standard in that area, but defendant's position is that this was modified to 5 percent under an agreement by defendant with plaintiff to reduce the selling price per acre to the particular buyers produced. The sale was consummated for the reduced price, but plaintiff contends there was no modification of the initial commission agreement.
Campbell, plaintiff in the cause, is a registered real estate broker; co-plaintiff under the original complaint was Drum, a licensed real estate salesman employed by him. These two produced the purchasers and effectuated the sale. The complaint initially related only to the note, which named as joint payees both Campbell and Drum. One of the defenses raised by defendant to the original complaint was that under section 475.42(1) (d), Florida Statutes, F.S.A., the note was illegal, since, as to the salesman, Drum, the consideration represented by and the action taken on the note violated this section with the result that this partial illegality invalidated the entire consideration. After this defense had been advanced, Drum assigned to plaintiff, Campbell, all his interest in the note and was withdrawn as a party plaintiff. Campbell then filed the amended complaint composed of two counts, suing under the first on the note and its non-payment and under the second on breach by defendant of an oral agreement to pay a 10 percent brokerage commission, acknowledging that 5 percent had been paid by defendant.
Making of the note and Drum's participation as a joint payee under it evolved *468 from events which transpired at a meeting wherein the transaction was concluded. Plaintiff Campbell was not present. Drum, just prior to closing, requested the full 10 percent commission and was told by defendant's representatives that the agreement had been modified to a 5 percent commission. Drum was unable to locate Campbell. Defendant's version is that in order to expedite the sale it paid through its representatives 5 percent and gave Drum a negotiable promissory note for an additional 5 percent, payable in 30 days. This was to be held as security until the proper commission percentage could be settled. Plaintiff's position through the testimony of Drum is that the note represented a payment of the balance of the 10 percent commission due. Drum's testimony was that he stated the note should be payable to plaintiff and himself, that this was the only way in which he could be protected on it, since his request that two notes be made, one to plaintiff and one to himself, had been declined by defendant.
No consideration passed from Campbell to Drum in return for the assignment of Drum's interest in the note. Campbell indicated that Drum, despite the assignment, continued to have an indirect interest.
Section 475.42(1) (d) as previously footnoted prohibits a salesman from collecting any money in connection with any real estate brokerage transaction except in the name of the employer and with the employer's express consent, and it prohibits a salesman from commencing or maintaining any action for a commission or compensation in connection with such a transaction against any person except one registered as his employer at the time the cause of action allegedly arose.
Plaintiff, faced with these interdictory provisions, urges that the note was accepted as payment of a real estate commission and that, since he as the employer was copayee of the note and instituted the action as plaintiff, the provisions would not apply. Notwithstanding this, the plaintiff urges also that the assignment obviated any breach of the statutory prohibitions. It was Drum also, however, who originally commenced the action as co-plaintiff, who required that the note be made to himself as one of the payees for his protection, and who on his own behalf maintained the action against the defendant for recovery of realtor's commission until he was confronted with the charge of statutory violation in defendant's answer. Although he then assigned his interest in the note and withdrew from the suit, there was no passage of consideration, and Drum, moreover, apparently still retained an undisclosed interest. As to this, in our view, if originally there could have been no entry by way of the front door, then donning the guise of an assignment would not serve to unlock the back door for entry there.
Generally, if the consideration is in part illegal, the bill or note is wholly void, at least in the event the illegal part is indefinite or inseparable from the remainder. This is true whether the illegality arises under the common law or under a statute. See 10 C.J.S. Bills and Notes § 157, p. 632; 7 Am.Jur., Bills and Notes, section 267, p. 966; and Johnson v. McMillion, 1918, 178 Ky. 707, 199 S.W. 1070, L.R.A. 1918C, 244. There was no attempt made to establish as definite or separable the interest of Campbell in the note, but Campbell as plaintiff proceeded upon the premise of recovery for the total sum.
We may comment that the two counts of the amended complaint each sought recovery for the same thing, the first count through the medium of the promissory note and the second by means of the alleged oral agreement. The trial judge, as the record indicates, after dismissing plaintiff's first count, weighed all the testimony for plaintiff and for defendant and found for defendant on plaintiff's claim under the second count, thus holding that the original brokerage agreement had been modified as asserted by the defendant. Plaintiff undertook no appeal from the decision on the second count.
*469 It is clear that the note in question bore the taint of illegality and was thus rendered unenforceable. The trial court correctly dismissed plaintiff's count one, and the final judgment enrolled is affirmed.
Affirmed.
SHANNON, C.J., and ALLEN, J., concur.
NOTES
[1] "No salesman shall collect any money in connection with any real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of the employer, and with the express consent of the employer; and no real estate salesman, whether the holder of a valid current registration certificate or not, shall commence or maintain any action for a commission or compensation, in connection with a real estate brokerage transaction, against any person except a person registered as his employer at the time the cause of action is alleged to have arisen."