In the Matter of FORTINER REALTY COMPANY, BANKRUPT.

Sonia URANSKY, as Trustee, Plaintiff,

v.

John ALLRED, as Trustee, Billy D. Breeze, Marion Campbell Potts, Defendants.

Bankruptcy No. 76–1094–T.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Nov. 27, 1979.

Diane L. Jensen, Fort Myers, Fla., for plaintiff.

John A. Noland, Fort Myers, Fla., for defendant.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Bankruptcy Judge.

This cause came on for consideration, with due notice and hearing, upon the motion for partial summary judgment filed by the trustee, Sonia Uransky. The motion is addressed to Count I of the Amended Complaint involving the defendant John Allred only. In order to present this matter in its proper focus, a brief recital of the procedural posture and pertinent facts of this case as appear from the record is in order.

Fortiner Realty Company (the Bankrupt) was the duly registered real estate broker in an October 22, 1976 real estate transaction in which D. Dean Barnard (Barnard) took title to the property as trustee for the benefit of Edward Caldwell, D. Dean Barnard and the defendant John Allred (Allred). The defendants, Billy D. Breeze (Breeze) and Marion Campbell Potts (Potts) were the salespersons who were instrumental in obtaining the sale. At the time of the transaction, Breeze and Potts were associated with the bankrupt and were compensated by the bankrupt on a commission basis for sales which they procured.

At one point during the negotiations which led up to the sale, a price of $1,000,-000 was agreed upon between the parties. In anticipation of a sale at this price, Allred, Breeze, Potts and the president of the bankrupt, James Fortiner, entered into a commission agreement on March 26, 1977 wherein Allred agreed to pay $100,000 in broker's fees to the bankrupt. On August 25, 1975 the bankrupt assigned two-thirds of this fee to Breeze and Potts. The price of the property was subsequently reduced from $1,000,000 to $800,000. As a result, Breeze entered into a commission agreement with Barnard on October 22, 1976, the date of the sale, which set the commission

at $80,000. It is this agreement which is the subject of the present controversy. Although the agreement stated at the outset that Barnard was obligated to the bankrupt broker for the entire $80,000 in commission, the agreement provided that Barnard was to pay $15,000 to the bankrupt at the time of closing and the remainder was to be paid directly to Breeze and Potts in installments over a period of years.

On November 3, 1976, the bankrupt filed a voluntary petition in bankruptcy.

On February 28, 1977, Barnard executed an assignment of Trusteeship in which Allred was designed as successor trustee. By virtue of this assignment, Allred assumed any and all obligations of his predecessor trustee, Barnard, including any commission due as a result of the October 22, 1976 sale.

On June 26, 1978, the trustee instituted this adversary proceeding alleging that since the commission payments were to be made directly to the salespersons, Breeze and Potts, rather than to the bankrupt broker, the commission agreement was illegal by virtue of Florida Statute § 475.42(1)(d); thus is voidable by a judgment creditor having a provable claim against the bankrupt; therefore, void against the trustee by virtue of § 70(e) of the Bankruptcy Act. The complaint seeks a declaration that the entire commission agreement is null and void as against the trustee and seeks a determination of the liability of Allred for the payment of a reasonable commission to the trustee for the benefit of the bankruptcy estate.

On January 26, 1979, this Court entered a partial final judgment by default against the defendants Breeze and Potts involving Counts II and III of the complaint wherein the rights of Breeze and Potts to receive commission payments by virtue of the October 22, 1976 commission agreement were declared to be null and void and the trustee was declared to have the right to collect the commission, as determined by the Court, for the benefit of the bankruptcy estate.

As noted earlier, the present motion for partial summary judgment filed by the trustee involves Count I of the Amended Complaint. The trustee asserts that the commission agreement is illegal as to all parties, including Allred, because the payments provided for by the commission agreement would have been paid directly to the salesman rather than to the broker. It appearing that there are no issues of material fact in controversy, it is appropriate to resolve this matter by summary judgment.

§ 70(e) of the Bankruptcy Act provides in pertinent part as follows:

"A transfer made or suffered . . . by a debtor adjudged a bankrupt. . . which, under any Federal or State law . . . is . . . voidable. . . . by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor."

Florida Statute § 475.42(1)(d) provides in pertinent part as follows:

"No salesman shall collect any money in connection with any real estate brokerage transaction, whether as a commission . . . or otherwise, except in the name of the employer, and with express consent of the employer . . . ."

This Court has already determined that the provision in the October 22, 1976 commission agreement which gave Breeze and Potts the right to receive directly the commission payments was in violation of Florida Statute § 475.42 and therefore the agreement was null and void and unenforceable by them. Allred contends that the commission agreement is valid in other respects, therefore, he cannot be expected to pay the commission in a lump sum, but only according to the terms of the agreement, i. e., in installments.

This leaves the remaining controversy which is whether the commission agreement is in all other respects valid, which determination would permit Allred to pay the balance of the commission in installments over a period of years or whether the entire agreement is null and void, which determination in turn would permit the trustee to proceed on a *quantum meruit* basis to collect a reasonable commission in a lump sum.

Allred cites *Newcomer v. Rizzo*, 163 So.2d 312 (Fla.App.1964), in support of his contention that the agreement is valid. However, *Newcomer*, supra primarily involved Florida Statute § 475.41 which provides that a contract for a commission is not valid unless the broker or salesman is registered under Florida law. In *Newcomer*, supra an unlicensed salesman had assisted a licensed broker in procuring a sale. The contract involved made the purchaser liable only to the broker for the commission but stated that the broker could assign the note to the unlicensed salesman. The broker thereafter assigned a portion of the note to the unlicensed salesman who reassigned his interest to a third party. The court held that the note was enforceable since there was no infirmity in the initial obligation solely between the purchaser and the broker. This is entirely different from the instant situation where the agreement is between the salesman and the purchaser and the purchaser contractually obligated himself to make the commission payments directly to the salespersons.

Allred argues that the October 22, 1976, agreement is valid because it is a mere modification of the March 26, 1971 agreement which provided for payment of the commission to the bankrupt. However, the October agreement, by Allred's own admission, entirely supercedes the March agreement and the prior agreement by the bankrupt does not cure the fact that in the agreement under consideration the purchaser is obligated to make commission payments directly to the salesperson.

The instant situation is closely analogous to the case cited by the trustee, *Campbell v. Romfh Bros., Inc.*, 132 So.2d 466 (Fla.App. 1961), where a promissory note for a real estate commission payable to both the broker and the salesman was found to be wholly invalid. The Court in *Campbell*, supra, held that the note, as to the salesman, was in violation of Florida Statute § 475.42 and that this partial illegality invalidated the whole transaction.

Just as the note in *Campbell*, supra was found to be wholly invalid because it was payable in part directly to the salesperson, so must the agreement in the instant case be found wholly invalid. The essence of the agreement under consideration is to create in the purchaser the obligation to make commission payments directly to the salesperson. As this is an obvious attempt to circumvent the prohibition of Florida Statute § 475.42, this Court must find that the entire agreement is in violation of this statute. Since there is an existing creditor having a provable claim under the Bankruptcy Act against whom the agreement would be voidable in light of Florida Statute § 475.42, the agreement is, therefore, void as against the trustee by virtue of § 70(e) of the Bankruptcy Act.

As it is undisputed that the bankrupt was the procuring cause of the sale wherein Allred's predecessor, as trustee, took title to the property, the trustee of the bankruptcy estate should be allowed to establish a claim for a reasonable commission on the basis of *quantum meruit.*

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the trustee's Motion for Partial Summary Judgment as to Count I, be and the same, is hereby granted and the commission agreement of October 22, 1976, be the same, is hereby declared to be null and void, and it is

FURTHER ORDERED, ADJUDGED AND DECREED that the Trustee shall have the opportunity to establish either by agreement or by evidence the amount of commission due on a *quantum meruit* basis.