RENDERED: MAY 24, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0857-MR

FARMERS INVESTMENT CO., AKA
FARMERS INVESTMENT
COMPANY, INCORPORATED                                      APPELLANT


                   APPEAL FROM WARREN CIRCUIT COURT
v.              HONORABLE CHRISTOPHER T. COHRON, JUDGE
                        ACTION NO. 21-CI-01159


BG LANDCO, LLC                                                APPELLEE


                              OPINION
                             AFFIRMING

                          ** ** ** ** **

BEFORE: COMBS, EASTON, AND TAYLOR, JUDGES.

COMBS, JUDGE: In this appeal, Appellant, Farmers Investment Co. (Farmers

Investment), appeals an order of the Warren Circuit Court requiring specific

performance of a real estate purchase agreement after the collapse of the

underlying transaction. Farmers Investment was ordered by the circuit court to

convey a 16-acre tract near I-65 in Bowling Green to Appellee, BG Landco, LLC

(BG Landco), in exchange for more than $10.5 million. The court left open the

question of whether BG Landco could also recover money damages as a result of the deal's demise. After our review, we affirm.

On March 15, 2021, Farmers Investment entered into an agreement with BG Landco, LLC for the sale of a vacant lot near Sam's Club at the Scottsville Road interchange. BG Landco intended to construct a gambling facility on the property in which wagering on historical horse races would be conducted and alcoholic beverages served. Under the terms of the agreement, Farmers Investment agreed to sell all its right, title, and interest in the property subject to any easements, conditions, and restrictions of record. Upon execution of the agreement, BG Landco tendered a $50,000 earnest money deposit.

The parties' agreement provided for an inspection period during which BG Landco was authorized to evaluate the property in ways it deemed "necessary, desirable, or appropriate in its sole and absolute discretion to assess the legal, physical, economic and environmental condition of the Property and the suitability of the Property for [BG Landco's] intended use thereof." This provision was designated the "Initial Inspection Period" and was to last ninety (90) days. If -- after its evaluation of the property -- BG Landco were dissatisfied, it would have the "unconditional right, for any reason or no reason whatsoever, to terminate [the agreement]" at the end of the Initial Inspection Period whereupon its earnest

money would be returned in full. BG Landco had the option to extend the Initial Inspection Period for an additional thirty (30) days.

Farmers Investment warranted that the property "is not subject to any covenants, conditions or restrictions or development agreement affecting or benefitting any other property, other than those Binding Elements of record in Deed Book 876, Page 492 in the Office of the Warren County Court Clerk." The "Binding Elements" identified several categories of prohibited uses for the property, including "any gambling facility or operation other than charitable gambling. . . ."

The agreement also provided detailed remedies for each party should the other default in the performance of its obligations. If Farmers Investment defaulted, BG Landco's remedy was expressly limited to one of two options. BG Landco could terminate the parties' agreement by delivery of written notice. In this case, its earnest money would be returned. In the alternative, BG Landco could seek specific performance of Farmers Investment's obligation, "provided that any such action for specific performance must be commenced within thirty (30) days after such default . . . ." If BG Landco prevailed, Farmers would reimburse it for legal fees, court costs, and other reasonable costs. If BG Landco defaulted, Farmers Investment's remedy was to retain the earnest money deposit as liquidated damages.

The Initial Inspection Period began on March 16, 2021. BG Landco conducted a title search and obtained a commitment for title insurance. The title commitment was issued three weeks into the 90-day Initial Inspection Period. The title search uncovered an undisclosed encumbrance "of record in Deed Book 888, Page 510." The encumbrance, recorded in August 2004, was in favor of neighboring Sam's Club. It precluded the following uses of the disputed property as:

> a theatre, bowling alley, billiard parlor, nightclub, or other place of recreation or amusement, or any business serving alcoholic beverages, without the prior written consent of Sam's [unless a restaurant where] the sale of alcoholic beverages does not exceed fifty percent (50%) of the gross sales of such restaurant.

Approximately forty-five (45) days into the Initial Inspection Period, BG Landco's counsel contacted the City-County Planning Commission of Warren County (the Planning Commission) in an effort to secure a waiver of the gambling restriction described in the recorded Binding Elements. Included within counsel's presentation to the Planning Commission was a deed prepared on April 12, 2021, for adjacent property. The adjacent property was covered by the Binding Elements. The deed to the neighboring property also expressly referenced the recorded encumbrance in favor of Sam's Club "of record in Deed Book 888, Page 510." On May 20, 2021, the Planning Commission voted 7-3 to deny BG Landco's application to amend and remove the gambling restriction described in

the Binding Elements. There were 26 days remaining in the Initial Inspection Period set to expire on June 13, 2021.

Despite the decision of the Planning Commission and its actual notice of the encumbrance expressly restricting its use of the disputed property, BG Landco did not elect to terminate the parties' agreement. Instead, it appeared willing to proceed with the purchase of the property regardless of the clear restrictions prohibiting its intended use of the property. This alternative was specifically envisioned by the terms of the agreement. The agreement provided that BG Landco could obtain a commitment for title insurance showing that Farmers has good and marketable fee simple title to the Property "free and clear of all liens and encumbrances *except: (i) those created or assumed by* [*BG Landco. . . .*]" (Emphasis added.) Any encumbrance *assumed* by BG Landco was distinguished from "those [encumbrances] specifically set forth in this Agreement. . . ." Additionally, the parties' agreement provided that "[i]f . . . any other title evidence obtained by Buyer subsequently but prior to the Closing shows any exception to title other than the Permitted Encumbrances, Buyer shall have the option . . . of (i) terminating this Agreement . . . or (ii) taking title to the Property subject to said title exception."

On June 23, 2021, the parties executed an amendment to their agreement wherein BG Landco agreed to go forward with the purchase if Farmers

-5-

Investment agreed to help BG Landco tackle the gambling prohibition described in the Binding Elements. The agreement expressly identified the Binding Elements and acknowledged that the provision prohibited BG Landco's "intended use of the Property." BG Landco represented that it meant to let the inspection period expire and "move forward with the Closing, subject to [Farmers Investment] entering into this Amendment. . . ." Although BG Landco had become aware of the separate encumbrance in favor of Sam's Club weeks earlier, no mention was made of it in the amendment to the parties' agreement.

A few days later, Ruthie O. Bale, Farmers Investment's President, personally learned of the separate encumbrance in favor of Sam's Club. Bale contacted counsel for BG Landco to advise and to ask whether the additional encumbrance posed "a problem." Counsel alerted BG Landco to Bale's inquiry, and the parties executed an addendum to the agreement pushing the closing date to August 12, 2021. Eventually, the parties agreed to postpone the closing till September 15, 2021. No mention was made of the separate encumbrance in favor of Sam's Club.

On September 13, 2021, two days before the scheduled closing, BG Landco corresponded with Farmers Investment. It accused Farmers Investment of having intentionally failed to disclose a "material circumstance affecting the available uses of the property and purchase price" (*i.e.*; the separate encumbrance

in favor of Sam's Club) within five (5) days of the execution of the purchase agreement per its terms. Nevertheless, BG Landco explained that it intended to proceed with closing scheduled for 1:00 p.m. on September 15, 2021. It also advised as follows:

> BG Landco, LLC will expect and require Farmer Investment to conform with its representations and warranties in the Purchase Agreement and deliver to it a release of Sam's Club Restrictions or other obviation of the Sam's Club Restrictions in the form acceptable to BG Landco; barring that BG Landco, LLC will close over the Sam's Club Restrictions and promptly bring suit against Farmers Investment and its principals for without limitation claims based on breach of contract and fraud, and for damages and attorneys fees and costs . . . and/or exercise all other of its available rights and remedies.

BG Landco represented that its money damages were expected to exceed one million dollars. Farmers Investment regarded BG Landco's demand as a violation of the remedies provision of the parties' agreement, and it did not appear for the scheduled closing.

Days later, BG Landco filed a complaint against Farmers Investment in Warren Circuit Court. Its causes of action included negligent misrepresentation, negligence in the inducement, breach of contract, unjust enrichment, and breach of the duty of good faith and fair dealing. It claimed that the encumbrance in favor of Sam's Club reduced the value of the property by an amount potentially exceeding one-third of the agreed upon purchase price. It sought specific performance and

monetary damages. Farmers Investment answered the complaint and asserted affirmative defenses including waiver and mistake.

Just weeks later, on October 22, 2021, BG Landco filed a motion for partial summary judgment. Arguing that it had no adequate remedy at law, BG Landco sought an order for specific performance. On October 31, 2021, Farmers Investment filed an interim response arguing that a period of discovery was necessary.

On April 18, 2022, Farmers Investment filed a complete response to the motion for partial summary judgment. Farmers Investment argued that BG Landco's demand for both specific performance and damages is expressly barred by the remedies provision of the purchase agreement; that the inconsistent relief sought is inequitable; that BG Landco cannot show that it suffered any harm as a result of the alleged breach; and, finally, that BG Landco breached the agreement through its extracontractual demands of September 13, 2021. Following a hearing conducted on May 26, 2022, the parties tendered competing proposed orders for the circuit court's consideration.

By its order entered on August 1, 2022, the circuit court granted partial summary judgment in favor of BG Landco and ordered specific performance of the purchase agreement. The court explained in its order that BG Landco's action was timely as it was under no obligation to pursue its contractual

remedies for default until such time as Farmers Investment failed and refused to attend the closing on September 15, 2021. It held that BG Landco had no adequate remedy at law and that its order of specific performance did not preclude BG Landco's additional claims for breach of contract, fraud, negligent misrepresentation, negligence in the inducement, and unjust enrichment. The court specifically reserved those issues for further consideration. It ordered Farmers Investment to convey the property to BG Landco by General Warranty Deed subject to BGLandco's reservation of all claims, rights, remedies, and damages -- specifically including claims for breach of contract, fraud, negligent misrepresentation, negligence in the inducement, and unjust enrichment related to the encumbrance in favor of Sam's Club.

Farmers Investment filed a motion to alter, amend, or vacate, or, in the alternative, for summary judgment. Thereafter, it filed a motion to approve its tendered deed of conveyance of the property by Special Warranty Deed.

In an omnibus order entered June 15, 2023, the Warren Circuit Court declined to alter, amend, or vacate its partial summary judgment and order for specific performance. It also denied the motion of Farmers Investment for summary judgment. Finally, it granted, in part, the motion of Farmers Investment to approve a deed of conveyance. However, it declined to approve the deed tendered by Farmers Investment. Instead, the circuit court ordered the parties to

tender an agreed final order that approves "the transfer of deed and payment but does not dispose of or address any of [BG Landco's] additional claims."

On July 10, 2023, Farmers Investment filed a motion to certify as final and appealable the court's omnibus order of June 15, 2023. While the issue of money damages remained outstanding, the court concluded that there was no just cause for delay and certified its order as final and appealable on July 17, 2023. This appeal followed.

On appeal, Farmers Investment argues that the circuit court erred by granting summary judgment and ordering specific performance because BG Landco was the first to breach the parties' agreement. Next, it argues that the remedies provision of the parties' agreement squarely addresses the dispute regardless of which party first breached its requirements. It also argues that the circuit court erred by failing to apply the doctrine of election of remedies. Finally, Farmers Investment argues that the court erred by ignoring the fact that BG Landco cannot show causation for its alleged damages.

In response, BG Landco argues that the trial court did not err by ordering specific performance of the purchase contract. It also contends that issues surrounding its claim to money damages are not reviewable by this Court as they have not yet been addressed by the trial court. We agree with the positions asserted by BG Landco.

A court may order summary judgment where pleadings, depositions, answers to interrogatories, stipulations, and admissions on file and/or affidavits show that there is no genuine issue as to any material fact. CR[1] 56.03. Upon our review, we consider whether the trial court correctly determined that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996). We do not defer to the trial court's assessment of the record or its legal conclusions. *Foreman v. Auto Club Property-Casualty Insurance Company*, 617 S.W.3d 345, 349 (Ky. 2021) (quoting *Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010)).

"[S]pecific performance of a contract is not granted as a matter of right but is always addressed to the reasonable discretion of the court, to be exercised according to the facts of each case." *West Ky. Coal Co. v. Nourse*, 320 S.W.2d 311, 314 (Ky. 1959). We note that specific performance arises from equity. While weighing the equities of granting specific performance, a court must determine if the party requesting specific performance is "entirely free from fraud, illegal or inequitable conduct and . . . [the party has] strict[ly] compli[ed] with all terms of the contract[.]" *Id.* at 314-15 (citing *Asher v. Asher*, 278 Ky. 802, 129 S.W.2d 552 (1939); *Miller v. Prater*, 267 Ky. 11, 100 S.W.2d 842 (1937); *Bluegrass Realty Co. v. Shelton*, 148 Ky. 666, 147 S.W. 33 (1912); and *Williamson*

---

[1] Kentucky Rules of Civil Procedure.

*v. Ingram*, 243 Ky. 749, 49 S.W.2d 1005 (1932)). "Inequitable conduct, sharp practice, fraud, or unfairness in the obtention of a contract will always defeat the remedy of specific enforcement." *Dunscombe v. Amfot Oil Co.*, 201 Ky. 290, 256 S.W. 427 (1923); *Powell v. Keene*, 205 Ky. 846, 266 S. W. 659 (1924). "[A]ny conduct or contract of an illegal, vicious, or immoral nature cannot be the basis of a legal or equitable proceeding . . . the courts invariably leave the parties in such cases in the dilemma they have themselves devised." *Robenson v. Yann*, 224 Ky. 56, 5 S.W.2d 271, 274 (1928) (citing *McMahon v. Lewis*, 4 Bush 138 (1868); *C. & O. Ry. Co. v. Maysville Brick Co.*, 132 Ky. 643, 116 S.W. 1183 (1909); *Hunt v. Smith*, 191 Ky. 443, 230 S.W. 936 (1921); *Commercial Security Co. v. Archer*, 179 Ky. 846, 201 S.W. 479 (1918); *Jones v. Henderson*, 189 Ky. 412, 417, 225 S.W. 34 (1920); *American Mfg. Co. v. Crittendon Record-Press*, 166 Ky. 548, 179 S.W. 456 (1915); *Johnson v. McMillion*, 178 Ky. 711, 199 S.W. 1070 (1918)). One who seeks specific performance must be ready, willing, and able to perform his obligations; a decree for a specific performance is not generally made in favor of a party who has himself defaulted. *Nourse*, *supra*; *Faulkner v. Denniston*, 250 Ky. 373, 63 S.W.2d 286 (1933).

Farmers Investment claims that BG Landco is not entitled to specific performance because it defaulted on the parties' agreement. It argues that BG Landco had no right to impose conditions not contained in the contract of sale. It

explains that "[b]y sending [the demand letter] and filing suit, BG Landco breached the Purchase Agreement in at least three respects. . . ."

First, Farmers Investment argues that BG Landco breached the agreement by demanding more than it bargained for under its terms -- namely, a conveyance free and clear of the encumbrance in favor of Sam's Club. Second, Farmers Investment contends that BG Landco breached the agreement by filing an action for specific performance more than thirty (30) days after it learned that the subject property was encumbered by restrictions in favor of Sam's Club. Third, Farmers Investment contends that BG Landco breached the agreement by demanding both specific performance **and** money damages. We disagree with Famers Investment's view of the facts.

Through its correspondence some days ahead of closing, BG Landco advised Farmers Investment that it was ready, willing, and able to proceed with its obligations under the agreement. It never expressed a willingness to terminate the agreement despite its position that Farmers Investment breached its obligation to disclose the encumbrance in favor of Sam's Club. In fact, **each** of the alleged breaches identified by Farmers Investment in its brief concerns actions taken by BG Landco in response to the failure of Farmers Investment to appear at closing and to disclose the additional restrictions burdening the subject property.

Pursuant to the express terms of the agreement, Farmers Investment represented and warranted that the subject property was not burdened by the encumbrance that it had, in fact, specifically granted to Sam's Club years earlier. Furthermore, the agreement provides that the representations and warranties "will not be affected by any investigation, verification, or approval by any party or anyone on behalf of any party. . . ." BG Landco did not breach the agreement by requiring Farmers Investment to conform to its representations and warranties. Whether BG Landco suffered damages as a result of Farmer Investment's failure to make the required disclosure under the circumstances is an issue separate and apart from the question of whether Farmers Investment breached the agreement by failing to participate in the closing and by refusing to convey the property.

The circuit court did not err by concluding that BG Landco filed its action for specific performance within the timeframe required by the parties' agreement. Once it acknowledged the encumbrance in favor of Sam's Club, Farmers Investment undertook negotiations with the retailer to have the restriction removed. Until it was determined that Farmers Investment was unable to have the restriction released and refused to attend closing, it was not subject to an action for specific performance. BG Landco did not breach the agreement *first* by filing an action for specific performance.

Nor did the circuit court err by concluding that provisions of the parties' agreement did not preclude BG Landco from obtaining an order for specific performance. As recited above, the very terms of the agreement provide for this remedy. Whether the terms of the agreement also preclude BG Landco from pursuing an additional claim for money damages is an issue yet to be decided by the trial court that is not subject to our review at this juncture.

In an entirely separate argument, Farmers Investment claims that the circuit court erred by failing to enforce the remedies provision of the parties' agreement. It acknowledges that the agreement provides for an action for specific performance and reimbursement for BG Landco's "reasonable legal fees, court costs, and all other reasonable costs of such action," as a remedy for its default. However, it contends that the remedy is exclusive and thus precludes a civil action for money damages. Again, whether BG Landco can recover additional money damages is an issue yet to be decided.

The circuit court stated repeatedly that it intended to rule **only** on BG Landco's right to specific performance. In its order granting partial summary judgment entered August 1, 2022, the court emphasized that "[t]he sole issue before the Court is BG Landco's Motion seeking an Order of Specific Performance. . . ." It observed that "[a]ll other claims, rights, remedies and damages, including without limitation, claims, rights, remedies and damages and

-15-

attorneys fees and costs for breach of contract, fraud, negligent misrepresentation, negligence in the inducement and unjust enrichment, of BG Landco, LLC are not before the Court." Likewise, in its omnibus order entered on June 15, 2023, the court explained, "[w]hile [Farmers Investment] is correct in pointing out that the order does not limit [BG Landco] from *pursuing* additional claims against [it], this Court has not yet made a final decision on those claims and may yet determine that they are barred." It continued, "[i]nsofar as any confusion exists, the August 1, 2022, Order should be read only to settle the matter of specific performance."

Farmers Investment argues that the circuit court erred by failing to conclude that the forms of relief sought by BG Landco are inconsistent and require application of the election-of-remedies doctrine. It also argues that the court erred by failing to consider that BG Landco cannot show that it caused the alleged money damages because BG Landco could have elected to terminate the agreement when it became aware of the encumbrance in favor of Sam's Club. Once again, those are all issues to be considered by the circuit court in the litigation still pending. They are not presently before us on appeal.

We affirm the order of the Warren Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT
FARMERS INVESTMENT CO.:

Benjamin J. Lewis
Chelsea Granville Reed
Louisville, Kentucky

Thomas N. Kerrick
Kyle G. Bumgarner
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Robert F. Maclin, III
Jaron P. Blandford
Lexington, Kentucky